Mina **BULLARD**, Plaintiff,

v.

**RHODES PHARMACAL CO., Inc.,** Defendant.

No. 1394.

United States District Court D. Montana, Missoula Division. Jan. 23, 1967.

Goldman & McChesney, Missoula, Mont., for plaintiff.

Garlington, Lohn & Robinson, Missoula, Mont., for defendant.

## OPINION AND ORDER

RUSSELL E. SMITH, District Judge.

The defendant corporation was served with summons and complaint in this diversity action pursuant to Rule 4(d) (7), Fed.R.Civ.P., and Rules 4D(2) (f) and 4D(6) (a) Mont.R.Civ.P.

It now contests the jurisdiction of this court on the grounds that the exercise of in personam jurisdiction over it pursuant to the Montana rules violates the due process clause of the Fourteenth Amendment.

The defendant is an Ohio corporation with its principal place of business in Chicago, Illinois. It manufactures a hair styling lotion called "Jon-James Perform" which the plaintiff, a Montana citizen, purchased in Montana and which, she claims, caused damage to her respiratory system. The defendant, by affidavit of its president, indicates that it maintains no office in the State of Montana; that it has no representative resident in or assigned to Montana; that any orders received from wholesale or retail outlets located in the State of Montana have been received by Rhodes Pharmacal in Chicago, Illinois, accepted by the said company in Chicago, Illinois, and shipment made by common carrier from Chicago, Illinois, to the State of Montana; and that the total amount of business of Rhodes Pharmacal Company in the State of Montana consists of less than one-half of one per cent of its total business.

Whether the defendant's activities were of such a character to subject it to personal jurisdiction under Montana's "long arm statute" [1] requires determination of two issues: [2] (1) Were the defendant's activities such as to fall within the scope of Montana's Rule 4B (1) (b); [3] and (2) if they were, does the exercise of in personam jurisdiction, in light of those activities, offend the due process requirements of "fundamental fairness" embodied in the "minimum contacts" test of International Shoe Company v. State of Washington, 326

---

[1]. State law determines the sufficiency of service when service is made pursuant to state statute as allowed by Rule 4(d) (7) Fed.R.Civ.P. See cases annotated at 6 A.L.R.3rd 1103, 1109.

[2]. Arrowsmith v. United Press International, 2 Cir. 1963, 320 F.2d 219, 222.

It may be that the Montana "long arm" statute was intended to expand Montana's exercise of personal jurisdiction to the limits of due process. (See e. g., Henry R. Jahn & Son, Inc. v. Superior Court, 49 Cal.2d 855, 323 P.2d 437, 439 (1958), where the California court so interprets California's long arm statute). However, in the absence of such an interpretation by the Montana Supreme Court, this court will not announce such a broad rule.

[3]. "(1) Subject to Jurisdiction. All persons found within the state of Montana are subject to the jurisdiction of the courts of this state. In addition, any person is subject to the jurisdiction of the courts of this state as to any claim for relief arising from the doing personally, through an employee, or through an agent, of any of the following acts:
\* \* \* \* \*
(b) the commission of any act which results in accrual within this state of a tort action;
\* \* \*". Rule 4B(1), Mont.R.Civ. P.

U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).[4]

▮ Subdivision (b), unlike many states' long arm statutes, does not require that the tortious act occur in Montana, but only requires that the act result in the "accrual within this state of a tort action."[5] Clearly the complaint alleges the commission of an act by the defendant—whether it be negligent manufacture or a failure to adequately warn —which resulted in plaintiff's injury in Montana and, consequently, the accrual of a tort action in Montana. The defendant's activities were of such a nature to fall within the scope of Rule 4B(1) (b).

Now posed is the second question— whether the Montana statute as thus applied offends the due process clause of the Fourteenth Amendment.

▮▮ If the defendant has "certain minimum contacts"[6] with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice'"[7], due process allows the forum state to subject it to in personam jurisdiction in actions that "arise out of or are connected with the activities within the state * * *."[8] "The application of that rule [requirement of contact with the forum state] will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."[9]

These are the standards by which Montana's exercise of jurisdiction must be tested. No precise definition of the "minimum contacts" sufficient to satisfy due process has been formulated.[10]

▮ The existence of contacts necessary for the constitutional exercise of personal jurisdiction must be determined upon the facts of each case. Perkins v.

4. As interpreted in Travelers Health Association v. Virginia ex rel. State Corporation Commissioner, 339 U.S. 643, 70 S.Ct. 927, 94 L.Ed. 1154 (1950), Perkins v. Benguet Consolidated Mining Co., 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952), McGee v. International Life Insurance Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957), and Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).

5. See Virginia's statute (Va.Code Ann. § 8–81.2(a) (3)) which does impose such a requirement when the action arises from the act of a defendant not doing business in Virginia. St. Clair v. Righter, W.D. Va.1966, 250 F.Supp. 148, 151. Illinois' statute (Smith-Hurd Ann.Stat. ch. 110, § 17(1) (b)) which reads "commission of a tortious act within this State" has been interpreted to include within its scope "those cases where none of the negligent action alleged in the complaint occurs in Illinois, but, where only the injury occurs in this State." McMahon v. Boeing Airplane Company, N.D.Ill.1961, 199 F. Supp. 908, 909, citing Gray v. American Radiator & Standard Sanitary Corp., 22 Ill.2d 432, 176 N.E.2d 761 (1961). Compare Marsh v. Tillie Lewis Foods, Inc., D.S.D.1966, 254 F.Supp. 490, where the court held that South Dakota could not define "tort" to mean the place where

the injury, unaccompanied by any tortious act, is incurred.

6. McGee v. International Life Insurance Co., supra n. 4, 355 U.S. at p. 222, 78 S. Ct. 199, 201.

7. Id.

8. International Shoe Co. v. State of Washington, supra n. 4, 326 U.S. at p. 319, 66 S.Ct. at p. 160.

9. Hanson v. Denckla, supra n. 4, 357 U.S. at p. 253, 78 S.Ct. at p. 1240.

10. The Ninth Circuit in L. D. Reeder Contractors of Arizona v. Higgins Industries, Inc., 1959, 265 F.2d 768, 772–774, after saying that the "ultimate question then, is *reasonableness*", suggests these tests: "(1) The nonresident defendant must do some act or consummate some transaction within the forum. It is not necessary that defendant's agent be physically within the forum, for this act or transaction may be by mail only. A single event will suffice if its effects within the state are substantial enough to qualify under Rule Three. "(2) The cause of action must be one which arises out of, or results from, the activities of the defendant within the forum. It is conceivable that the actual cause of action might come to fruition in another state, but because of the activi-

Benguet Consolidated Mining Co., supra, at page 445 of 342 U.S., at page 418 of 72 S.Ct.

The Supreme Court in International Shoe Company v. State of Washington, supra, at page 319 of 326 U.S., at page 160 of 66 S.Ct., said the test of due process is not dependent upon the quantity of the defendant's contacts with the state; but, "Whether due process is satisfied must depend rather upon the quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of the due process clause to insure." It is true that in terms of percentage of its total sales, defendant's contacts with Montana were slight. It is however fairly inferable that these contacts were limited only by the lack of demand in Montana for defendant's products. It is fairly inferable that defendant's intention to do business in Montana was a general intention, and that to the extent there was a demand defendant intended to sell in Montana. Given this state of mind which defendant was free to alter, had defendant felt that the products liability climate of the state or its long arm statute would be burdensome to it, is it unfair to treat as the required "minimum contacts" this intention plus the fact of the sales? This approach is suggested by the International Shoe case, supra, which rejects quantity of sales as a measuring rod.[11] It also satisfies the "purposeful act" requirement of Hanson v. Denckla, supra. Certainly a defendant should not be subjected to the jurisdiction of a distant state by accident, but when from the general pattern of its business it may be said that it contemplated a general products distribution in a state it does not seem unfair to require that it defend its products' liability cases arising in that state.[12]

The defendant's motion to dismiss is denied and it is granted twenty (20) days within which to further plead. However, for the benefit of the defendant if it wishes to appeal, the court is of "the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. * * *."[13]

ties of defendant in the forum state there would still be a 'substantial minimum contact.'

"(3) Having established by Rules One and Two a minimum contact between the defendant and the state, the assumption of jurisdiction based upon such contact must be consonant with the due process tenets of 'fair play' and 'substantial justice.' If this test is fulfilled, there exists a 'substantial minimum contact' between the forum and the defendant. The reasonableness of subjecting the defendant to jurisdiction under this rule is frequently tested by standards analogous to those of forum non conveniens."

Compare the tests devised by the Eighth Circuit in Aftanase v. Economy Baler Company, 1965, 343 F.2d 187, 197:
1. The quantity of contacts;
2. The quality of contacts;
3. The source and connection of the cause of action with those contacts;
4. The interest of the forum state in the cause of action;
5. The convenience of the forum.

11. Under this approach the spector envisaged by Judge Sobeloff in Erlanger Mills v. Cohoes Fibre Mills, 4 Cir. 1956, 239 F.2d 502, 507, would not arise. The California tire dealer who sold tires to the customer with Pennsylvania plates on his car does not intend to do business in Pennsylvania. The act of selling is not a part of a pattern of selling designed to introduce goods into Pennsylvania to the extent that there is a Pennsylvania demand.

12. Accord:
Chovan v. E. I. Du Pont De Nemours & Company, E.D.Mich.1963, 217 F.Supp. 808; McMahon v. Boeing Airplane Company, supra, n. 5; Keckler v. Brookwood Country Club, N.D.Ill.1965, 248 F.Supp. 645; Hearne v. Dow-Badische Chemical Company, S.D.Tex.1963, 224 F.Supp. 90; Aftanase v. Economy Baler Company, supra n. 10.

13. 28 U.S.C. § 1292(b).