674

Richard B. YULES, Lila Susan Yules and Imperial Casualty and Indemnity Co., Plaintiffs,

v.

GENERAL MOTORS CORPORATION and Cooley Chevrolet Co., Inc., Defendants.

Civ. No. 746.

United States District Court
D. Montana,
Billings Division.

March 21, 1969.

Packwood & Bjertness, Billings, Mont., for plaintiffs.

Anderson, Symmes, Forbes, Peete & Brown, Billings, Mont., for Cooley Chevrolet Co.

## ORDER AND OPINION

JAMESON, District Judge.

This is an action for personal injuries and property damage resulting from an automobile accident which occurred on June 8, 1966, on U. S. Highway No. 191, approximately ten miles north of Big Timber, Montana.

Plaintiffs Richard B. Yules and Lila Susan Yules are citizens of California, and plaintiff Imperial Casualty and Indemnity Company is incorporated and has its principal place of business in Nebraska. Defendant General Motors Corp. is incorporated in Delaware, with its principal office in Michigan. Defendant Cooley Chevrolet Co., Inc. (hereinafter referred to as "Cooley") is incorporated and has its principal office in Connecticut.

On July 2, 1968, the defendant General Motors moved to dismiss on the ground that the complaint fails to state a claim against General Motors. No brief was filed in support of that motion.

On August 1, 1968, the defendant Cooley moved to dismiss on the grounds that (1) the complaint fails to state a claim against Cooley on which relief can be granted and (2) this court lacks jurisdiction over the person of this defendant. On September 11, 1968, defendant Cooley filed an affidavit and brief in support of its motion, contending that it had never transacted business within Montana and that the exercise of jurisdiction in this court would offend the "traditional notions of fair play and substantial justice" embodied in the "minimum contacts" test of International Shoe Company v. State of Washington, 1945, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95.

From time to time plaintiffs were granted additional time for an answer brief, but no brief was filed. On February 24, 1969, the motion to dismiss for lack of jurisdiction was set for preliminary hearing pursuant to Rule 12 (d) [1] of the Federal Rules of Civil Procedure on March 10, 1969. Oral argument was presented and plaintiffs' counsel filed an affidavit.

The complaint alleges, inter alia, that plaintiff Richard B. Yules purchased a new 1966 Chevrolet Biscayne station wagon from defendant Cooley on March 16, 1966; that at the time of the accident "the pins or bolts holding the right rear wheel on the said vehicle severed, the right rear wheel came off * * * and caused the said vehicle to veer across the * * * highway and turn over, causing the injuries and damages" complained of. Various acts of negligence

and breach of warranty are alleged in the design, building, assembly and selling of the vehicle.

The affidavit of plaintiffs' counsel reads:

"That the automobile involved herein was purchased from the defendant Cooley Chevrolet Co., Inc. for the express purpose of transporting the plaintiffs Richard B. Yules and Lila Susan Yules and their belongings from Connecticut across Canada and the United States to California as they were moving to California and that this was communicated to the agents of defendant Cooley Chevrolet Co., Inc. and that in preparation therefore heavy duty tires and other equipment was installed by the defendant Cooley Chevrolet Co., Inc., or ordered installed by it."

An affidavit of counsel for the defendant Cooley reads:

"That this defendant does not now have, nor has it ever had or maintained, a place of business within the state of Montana, nor has it ever done business within the state of Montana, either permanently or temporarily; nor has this defendant ever qualified to do business in the state of Montana; nor has this defendant, either voluntarily or at the direction of any purchaser, shipped any goods distributed by it into the state of Montana; nor has this defendant, through an employee or agent, or otherwise, ever done any of the acts specified by Rule 4.B. of the Montana Rules of Civil Procedure, which acts, if done, would have subjected this defendant to the jurisdiction of the courts of the state of Montana."

---

1. Rule 12(d) provides for a preliminary hearing for determining before trial defenses raised by motions specified in Rule 12(b). It is "advisable generally to decide such defenses as * * * lack of jurisdiction of person, improper venue, insufficient process or service of process" * * * "promptly after they are raised, and not defer them to the trial". 2A

Moore's Federal Practice 2354, § 12.16 (1968). To postpone a determination of the question until the trial "would not be fair to defendant, since it would deprive defendant of any opportunity to avoid the trial by quashing service in advance". United States v. Montreal Trust Co., S.D.N.Y.1964, 35 F.R.D. 216, 223.

The extent to which Montana's "long arm" statute[2] permits a court in Montana to exercise jurisdiction over non-residents without offending due process has been considered by this court several times since the passage of the statute.[3] The history of the trend toward extending a state court's jurisdiction to the point where a nonresident need only have "minimum contacts" with the forum state is outlined in Boit v. Emmco Inc. Co. (note 3) and it is not necessary to repeat it here.

The brief of defendant Cooley recognizes for the purpose of its motion that "Rule 4B is broad enough in its language to encompass the factual situation alleged in the plaintiffs' complaint". The sole question for determination accordingly is whether the service of process on Cooley in Connecticut would offend Cooley's constitutional right to due process.

In the most recent issue of Montana Law Forum, Professor Edwin Briggs discusses recent interpretations of "long arm" statutes by this court and other courts in the Ninth Circuit. He suggests, while approving, that the Atwood & Morrill case, (note 3) "gives a very broad interpretation indeed to the permissible scope of Montana's Long Arm Statute, perhaps approaching its outer constitutional limits".[4]

In Atwood & Morrill, this court denied a motion by defendant to dismiss or for change of venue. Plaintiff Stearns-Roger Corporation had a contract for the installation of a newly constructed turbine driven reform compressor in the plaintiff Continental Oil Company's refinery in Billings, Montana. Graham Manufacturing Company was a subcontractor for the job. Graham, from its New York office, ordered an "atmospheric relief valve" from defendant, Atwood & Morrill, a Massachusetts corporation, later adding instructions that the valve be shipped to Billings.

There was no evidence that defendant had had any other contact with the state of Montana. Although the shipment of the valve was an isolated transaction, the "intention to do business in Montana" could reasonably be inferred from the direct shipment to Montana, inasmuch as defendant regularly engaged in manufacturing such special order valves for shipment to all parts of the nation.

In L. D. Reeder Contractors of Ariz. v. Higgins Industries, 9 Cir. 1959, 265 F. 2d 768, the court established three tests for determining whether a nonresident defendant is subject to in personam jurisdiction in the forum state. These have been adopted by this court in the Continental Oil Co. v. Atwood & Morrill Co. and the Brecht v. RMK–BRJ cases (note 3). In Taylor v. Portland Paramount Corp., 9 Cir. 1967, 383 F.2d 634, 641, the Court of Appeals again discussed and upheld the use of these three tests:

"The first requirement is that the nonresident defendant must do some act or consummate some transaction within the forum. Personal presence, however, is not required. Thus, for example, use of the mails may suffice. McGee v. International Life Ins. Co.,

2. Rule 4, subd. B of the Montana Rules of Civil Procedure provides in part:
"B. (JURISDICTION OF PERSONS).
(1) Subject to Jurisdiction. All persons found within the state of Montana are subject to the jurisdiction of the courts of this state. In addition, any person is subject to the jurisdiction of the courts of this state as to any claim for relief arising from the doing personally, through an employee, or through an agent, of any of the following acts:
(a) the transaction of any business within this state;

(b) the commission of any act which results in accrual within this state of a tort action; * * *".

3. Bullard v. Rhodes Pharmacal Co., D. Mont.1967, 263 F.Supp. 79; Continental Oil Co. v. Atwood & Morrill Co., D. Mont.1967, 265 F.Supp. 692; Boit v. Emmco Ins. Co., D.Mont.1967, 271 F. Supp. 366; Thurston v. Harris, D.Mont. 1967; Brecht v. RMK-BRJ, a joint venture, D.Mont.1967.

4. Briggs, "Long Arm" Marches On, 3 (No. 1) Mont.L.F. 4 (1968).

1957, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223. The second requirement is that the claim must arise out of or result from the defendant's activities within the forum. The third requirement, which assumes that the first two are met, is that the assumption of jurisdiction must be consonant with the due process tenets of fair play and substantial justice. We have applied these requirements, both to uphold jurisdiction * * * and venue, * * * and to deny jurisdiction * * *." (Cites omitted.)

It is doubtful whether the first test is satisfied by the present set of circumstances. Defendant Cooley has apparently neither done any act nor ever consummated a transaction, personally or otherwise, within the state of Montana. Clearly, the second test is also unsatisfied as defendant has had no activity in this forum state. The third test cannot be satisfied by these facts because it assumes the first and second tests are met. It does appear, however, that permitting service upon defendant Cooley would offend the "due process tenets of fair play". Judge Sobeloff advanced a hypothetical case which has been cited in many cases since:

"To illustrate the logical and not too improbable extension of the problem, let us consider the hesitancy a California dealer might feel if asked to sell a set of tires to a tourist with Pennsylvania license plates, knowing that he might be required to defend in the courts of Pennsylvania a suit for refund of the purchase price or for heavy damages in case of accident attributed to a defect in the tires. As in the hypothetical case, the sale in the principal case was 'with the reasonable expectation that these goods are to be used or consumed in [the vendee's domicile] and are so used and consumed.' It is difficult to conceive of a more serious threat and deterrent to the free flow of commerce between the states." Erlanger Mills Inc. v. Cohoes Fibre Mills, Inc., 4 Cir. 1956, 239 F.2d 502, 507.

The present set of facts is even a further "extension". Defendant Cooley in Connecticut may have known that plaintiffs resided in California, just as the tire dealer in Judge Sobeloff's hypothetical case could assume that the buyer resided in Pennsylvania. And it may be, as counsel contended during hearing, that Cooley realized that the plaintiffs would be driving through Montana.[5] But this would be the only connection which either party had with this state, aside from Montana being the locus of the accident. If Cooley were to be required to defend here, then it could just as well have been required to defend in any of the other states into which plaintiffs might have driven the automobile and received injuries enroute to California. While the increasing frequency of interstate distribution of products and services may someday give rise to an absolute duty to defend those products and services wherever they are circulated, as yet exercise of jurisdiction by this court over defendant Cooley would exceed "traditional notions of fair play".

I agree with Professor Briggs that Atwood & Morrill approaches the "outer constitutional limits". This case, were jurisdiction to be assumed, would exceed those limits. The sale by Cooley to plaintiff, even if Cooley had known plaintiff would drive through Montana, would not evidence any intention to do business in this state.

Accordingly, it is ordered:

(1) That the motion of Cooley Chevrolet, Inc., to dismiss, for lack of jurisdiction over the person of the defendant is granted.

(2) That, pursuant to Rule 7(a) of the Rules of Procedure of the United States District Court for the District of Montana, the separate motion to dismiss of defendant General Motors Corporation is

5. It does not necessarily follow, however, that in traveling from Connecticut to California via Canada, the plaintiffs would drive through Montana.

submitted for summary ruling. The court having considered the complaint and motion to dismiss and being fully advised in the premises, the motion is denied and defendant General Motors Corporation is granted 20 days within which to plead further;

(3) That the clerk of this court forthwith notify the attorneys of record for the respective parties of the making of this order.