**Edmond G. SCANLAN, Plaintiff,**

v.

**NORMA PROJEKTIL FABRIK, a Swedish Corporation with principal place of business in Amotfors, Sweden, and Norma-Precision Division of General Sporting Goods Corporations, a corporation with principal place of business in South Lansing, New York, Defendants.**

**Civ. No. 2148.**

United States District Court,
D. Montana,
Helena Division.

July 6, 1972.

Loble, Picotte, Loble, Pauly & Stern-hagen, Helena, Mont., for plaintiff.

Keller, Reynolds & Drake (Charles E. Petaja and P. Keith Keller), Helena, Mont., for defendants.

## OPINION AND ORDER

RUSSELL E. SMITH, Chief Judge.

Defendant Norma Projektil Fabrik is a Swedish corporation which manufactures ammunition designed to be used by the general public in privately owned rifles. Defendant has no place of business in the United States, no agents in the United States, and no contact with the United States except that it does sell its ammunition to Norma-Precision Division of General Sporting Goods Corporation, its American distributor, with the intent that the ammunition be sold at any place in the United States where a market for it can be found.[1]

In this case it is alleged that the plaintiff bought from a supermarket in Idaho ammunition manufactured by defendant and distributed to the supermarket by its American distributor. While on a hunting trip in Montana plaintiff used the ammunition and alleg-edly was injured because the ammunition was defective.

Under Montana law the jurisdiction of its courts extends to all persons who do an act which results in the accrual of a tort within the state.[2] It is now settled that a tort action may accrue in a state wherein the injury occurs[3] and consequently there is jurisdiction here if defendant's acts satisfy the minimum contacts requirement.

It is likewise settled in this district[4] and in this circuit[5] that due process is not denied when a manufacturer who sells goods intending that they be generally distributed and used in any place where a market may be found is forced to defend those products in the places where the products go. Yules v. General Motors Corporation, 297 F.Supp. 674 (D.Mont.1969), is not contrary—rather it points up the distinction to be drawn between a vendor who intends to conduct a purely local business dealing with people in one state and the vendor who intends a nationwide product distribution. In Yules jurisdiction was denied as to a Connecticut Chevrolet dealer who sold a car in Connecticut which ultimately found its way to Montana but jurisdiction was exercised as to General Motors Corporation which distributes its products nationwide.

The motion to dismiss is denied.

The accident occurred in Wheatland County, which lies in the Billings Division of the court and, pursuant to Rule 4 of the Rules of this Court, venue is transferred to the Billings Division of the court.

1. A very liberal reading of plaintiff's complaint would support the fact assertions here made. If defendant believes that it can prove the contrary it may move to segregate the jurisdictional issue and the parties may then engage in such discovery as is necessary to establish the facts.

2. Mont.R.Civ.P. 4B(1) (b).

3. Duple Motor Bodies Ltd. v. Hollingsworth, 417 F.2d 231 (9th Cir. 1969); Bullard v. Rhodes Pharmacal Co., 263 F.Supp. 79 (D.Mont.1967).

4. Bullard v. Rhodes Pharmacal Co., supra.

5. Duple Motor Bodies Ltd. v. Hollingsworth, supra.