**Terry Dean McINTOSH, Plaintiff,**

v.

**HEIL COMPANY, a Wisconsin corporation, Defendant.**

**No. 2168.**

United States District Court,
D. Montana,
Helena Division.

Nov. 20, 1972.

Keller, Reynolds & Drake, Charles E. Petaja, Helena, Mont., for plaintiff.

Hughes & Bennett, Alan F. Cain, Helena, Mont., for defendant.

## OPINION AND ORDER

RUSSELL E. SMITH, Chief Judge.

Plaintiff, while a resident of the State of Wyoming, was injured in Wyoming while operating a refuse collection unit manufactured by the defendant, Heil Company, a Wisconsin corporation.[1] Plaintiff, presently residing in Montana, filed this products liability action in this court. Summons was served in Wisconsin. Defendant has moved to dismiss for want of jurisdiction. Obviously the alleged tort accrued in the State of Wyoming.

A person without a state may be subjected to the jurisdiction of the courts of a state if the law of the state so provides and if that law satisfies the minimal contact rule expressed in International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). *See* McGee v. International Life Insurance Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); L. D. Reeder Contractors of Arizona v. Higgins Industries Inc., 265 F.2d 768 (9th Cir. 1959). It is unnecessary to discuss jurisdiction in terms of the due process requirements of minimum contacts since the Montana law under the facts here does not subject the defendant to jurisdiction. The problem is not what might Montana do in the extension of its jurisdiction but what did Montana do.

The Montana law, Mont.R.Civ.P. 4, subd. B(1) reads in pertinent part:

B. *Jurisdiction of Persons*

(1) Subject to Jurisdiction. All persons found within the state of Montana are subject to the jurisdiction of the courts of this state. In addition,

---

1. The allegations of diversity are defective but the court assumes them to be subject to correction.

any person is subject to the jurisdiction of the courts of this state as to any claim for relief arising from the doing personally, through an employee, or through an agent, of any of the following acts:

(a) the transaction of any business within this state;

(b) the commission of any act which results in accrual within this state of a tort action;

\* \* \* \* \* \*

Jurisdiction may not be based upon subdivisions (a) and (b) of the rule because this "claim for relief" does not arise from the doing "of the act" of "(a) the transaction of any business within this state" nor from "(b) the commission of any act which results in accrual within this state of a tort action."[2]

Was the defendant a person "found within the state of Montana" ?

■ From the complaint and the affidavits filed by plaintiff it appears that the refuse collection unit was sold by defendant to the city of Casper, Wyoming. It further appears that defendant distributes its products in Montana through a distributor located in Billings who advertises defendant's products in Montana and that defendant sends its agents into Montana to bid at municipal contract lettings. Since the burden is upon the plaintiff to establish jurisdiction (McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)) I assume that the plaintiff has specifically stated all that may be stated with respect to the jurisdiction, and I further assume that defendant has no resident agent in Montana, owns no property here, maintains no office here, and, in short, does nothing in Montana except distribute through a Montana distributor such of its products as may find a market in Montana and on occasion send an agent to bid at public bid lettings.[3]

In People's Tobacco Company, Ltd. v. American Tobacco Co., 246 U.S. 79, 38 S.Ct. 233, 62 L.Ed. 587 (1918), the Supreme Court said that "to be found" within a district a corporation must be present in the district by its officers and agents carrying on the business of the corporation. In United States v. Scophony Corp. of America, 333 U.S. 795, 68 S.Ct. 855, 92 L.Ed. 1091 (1948), the Supreme Court said that the word "found" denoted the concept of "carrying on business" and that the words "transact business" had a meaning broader than the words "carrying on business." The words "found," "doing business," "transaction of any business" were at the time the Montana rules were adopted words of art the meanings of which were known to the bench and bar. The scholarly committee drafting the Montana rules used these words, and it is apparent that they were used as words of art. The all-encompassing phrase "the transaction of any business" was used to provide a maximum protection to persons injured by reason of activity in Montana. As to those actions arising in other jurisdictions or torts accruing in other jurisdictions the committee used the more restrictive words "found within."

■ A corporation is not "found within the state of Montana" unless it has agents or officers here upon whom process may be served or unless its busi-

2. The decisions in Duple Motor Bodies, Ltd. v. Hollingsworth, 417 F.2d 231 (9th Cir. 1969); Scanlan v. Norma Projektil Fabrik, 345 F.Supp. 292 (D.Mont. 1972); Continental Oil Co. v. Atwood & Morrill Co., 265 F.Supp. 692 (D.Mont. 1967); Bullard v. Rhodes Pharmacal Co., 263 F.Supp. 79 (D.Mont.1967), are not contrary because in these cases, where jurisdiction was extended to foreign manufacturers who had permitted their products to enter the Montana market, the tort had accrued in Montana.

3. If plaintiff's counsel in good faith believe that facts contrary to my assumptions can be developed they may file a certificate to that effect on or before December 10, 1972, and the court will then vacate this order and engage in a full discovery of the facts relating to the jurisdictional problem.

ness has been of such character and extent as to warrant the inference that it has subjected itself to the jurisdiction of the state. It is generally held that such an inference cannot arise where a corporation merely solicits for business and ships its products into the state and occasionally sends an officer or agent into the state for solicitation purposes. Boltons Trading Corp. v. Killiam, 320 F. Supp. 1182 (S.D.N.Y.1970). The Montana cases of State ex rel. Taylor Laundry Co. v. District Court, 102 Mont. 274, 57 P.2d 772 (1936); State ex rel. American Laundry Machinery Co. v. District Court, 98 Mont. 278, 41 P.2d 26 (1934); General Fire Extinguisher Co. v. Northwestern Auto Supply Co., 65 Mont. 371, 211 P. 308 (1922), while decided before the adoption of Mont.R.Civ.P. 4, do illustrate the kind of activity necessary to raise the inference that a corporation has subjected itself to the jurisdiction of the state.

The action is dismissed for want of jurisdiction.