**GREAT PLAINS CROP MANAGEMENT, INC., a Montana corporation, Plaintiff,**

v.

**TRYCO MANUFACTURING COMPANY, INC., an Illinois corporation, Defendant.**

No. CV–82–52–GF.

United States District Court,
D. Montana,
Great Falls Division.

Jan. 10, 1983.

Dan L. Spoon, Marra, Wenz, Johnson & Hopkins, Great Falls, Mont., for plaintiff.

Cresap S. McCracken, Church, Harris, Johnson & Williams, Great Falls, Mont., for defendant.

## MEMORANDUM AND ORDER

HATFIELD, District Judge.

The defendant, Tryco Manufacturing Company, Inc. (hereinafter "Tryco"), has moved to quash service of summons and dismiss plaintiff's complaint for lack of jurisdiction, or alternatively, for a change of venue. Tryco, an Illinois corporation, was served with a complaint and summons at its sole place of business, in Decatur, Illinois. Tryco asserts that exercise of jurisdiction by this court would offend due process and is not proper under Rule 4 of the Federal Rules of Civil Procedure and Rule 4B of the Montana Rules.

### FACTS

Counsel for both parties have submitted briefs and supporting affidavits, and from these documents the court views the facts as follows:

The plaintiff, Great Plains Crop Management, Inc. (hereinafter "Great Plains"), is a Montana corporation, having its principal place of business in Geraldine, Montana. The corporation is engaged in the business of applying fertilizer on farmlands in this state. In early 1980, Wally Johnson, president of Great Plains, acquired a copy of *Farm Chemical* magazine, and, finding therein an advertisement promoting Tryco's machinery, called the defendant company.[1] Johnson spoke with M.H. Doane, then an employee of Tryco, and expressed his interest in the fertilizer spreading equipment manufactured by Tryco. Thereafter, Doane mailed Johnson a Tryco brochure. Phone calls, initiated by both parties, were exchanged. At Tryco's invitation, Johnson visited the Decatur, Illinois facility.[2] While at the Tryco plant, Johnson ordered a Tryco Junior T fertilizer distributor, which was eventually shipped to Montana, FOB Decatur, at plaintiff's expense. Shortly thereafter, Tryco sent Johnson a letter, offering to sell him a second Junior T unit under stated terms. Johnson called Doane and ordered the second spreader, which was shipped to Montana under the same terms as the first machine. Six months later, Johnson ordered a third spreader, by telephone, which was sent to Great Falls, Montana, FOB Decatur.

The instant action arises out of warranty disputes which have developed. The plaintiff asserts that Tryco fraudulently misrepresented the spreaders to be new, that the machines in fact contained many used, unsuitable components, and that the actions of Tryco constitute a breach of the warranties of fitness and merchantability. Great Plains seeks actual and consequential damages of an unspecified amount, and punitive damages in the amount of One Hundred Thousand Dollars.

### DISCUSSION

Under the terms of Rule 4 of the Federal Rules of Civil Procedure, the propriety of

---

1. A dispute, resolution of which is not necessary to the court's disposition of the present motion, exists concerning the way the plaintiff acquired the magazine and whether the magazine is a national magazine of general circulation or merely a controlled-circulation magazine which is not sold locally.

2. A second, and more substantial, factual dispute exists in this case. Great Plains asserts that Doane flew to Great Falls, Montana, drove to Geraldine, and personally invited Johnson to visit the Tryco plant. Tryco contends that the Doane trip never took place, that neither Doane nor Tryco president Robert West has ever been in Montana in pursuit of company business, and that their invitation to Johnson to visit Decatur was not relayed in person. The court finds it remarkable that the parties have differing views about whether or not the trip took place. However, as with the magazine dispute, note 1, *supra,* resolution of this dispute is not necessary in order for the court to dispose of the motion.

this court exercising *in personam* jurisdiction over Tryco is to be determined by reference to Rule 4B of Montana's Rules of Civil Procedure. In the instant case, the plaintiff points to Rule 4B(1)(a), which reads in part:

> *Rule 4B. Jurisdiction of persons.* (1) Subject to jurisdiction.... In addition, any person is subject to the jurisdiction of the courts of this state as to any claim for relief arising from the doing personally, through an employee, or through an agent, of any of the following acts:
>
> (a) the transaction of any business within this state....

Thus, by resort to Montana case law, this court must determine whether Tryco has "transacted business within Montana." The inquiry does not end there, since it must also be determined whether the exercise of jurisdiction over Tryco would offend due process. *State of North Dakota v. Newberger,* 613 P.2d 1002, 1004 (1980).

The pertinent case law has been well summarized by counsel, and substantial efforts have been made to supply the court with the essential facts. A review of those facts, in the context of Montana case law and the "due process trilogy" of *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), *McGee v. International Life Insurance Co.,* 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1958), and *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), leads this court to conclude that the exercise of jurisdiction over defendant Tryco is proper under Montana's Rule 4B(1)(a), and does not offend due process.[3]

◼ In *Prentice Lumber Co. v. Spahn,* 156 Mont. 68, 474 P.2d 141 (1970), the Montana Supreme Court held that a non-resident defendant, who had never been to Montana, had never met the plaintiff, and whose only contacts with this state consisted of his placing, via telephone and mail, of one direct and several indirect orders for lumber, had nonetheless "transacted business" in Montana within the meaning of Rule 4B(1)(a). In *State ex rel Goff v. District Court,* 157 Mont. 495, 487 P.2d 292 (1971), telephone and mail negotiations were among the factors considered by the court in determining that jurisdiction existed over the defendant, who was never physically present in Montana during those negotiations. In the instant case, even accepting Tryco's version that Doane did not visit Johnson in Geraldine, the defendant's activities in Montana were substantial. Tryco advertised in a magazine that could reasonably be expected to reach agriculturally-oriented states like Montana. Tryco mailed its brochure into this state, and facilitated a sale to Great Plains by both calling this state and accepting calls from here. The defendant company invited the plaintiff to Illinois in the hope of selling him a piece of equipment for use in this state. Tryco made arrangements for shipping several machines into Montana, and sent the plaintiff a letter soliciting another sale, even including the terms of the sale and indicating the need for prompt action by Great Plains. Finally, the court notes that both the plaintiff and the defendant considered the possibility of the plaintiff becoming a Tryco dealership in Montana. In fact, the defendant points out that Great Plains "was sold the equipment at dealer discount prices with this in mind." (Defendant's brief of June 7, 1982, page 2). Though the dealership idea was later dropped, the facts of this case make it apparent that Tryco's business activity in Montana was considerable, and that its ambitions extended beyond the Illinois border. The court concludes that exercise of jurisdiction over Tryco is consistent with Montana law and not offensive to due process and notions of fair play.[4]

---

**3.** The court's conclusion is bolstered by the often-cited trend towards expanding the permissible scope of state jurisdiction over the person of non-resident defendants. *See, Prentice Lumber Co. v. Spahn,* 156 Mont. 68, 474 P.2d 141 (1970); *Newberger, supra; McGee, supra.*

**4.** In support of its motion, the defendant cites what it calls the "dispositive" case of *McIntosh v. Heil Co.,* 350 F.Supp. 866 (D.Mont.1972). *McIntosh,* however, concerned Rule 4B(1), and

■ The court agrees with the assessment of Judge Smith, United States Senior Judge, that a manufacturer should be expected to defend its products wherever they go, when that manufacturer intends distribution beyond a purely local level. *Scanlan v. Norma Projektil Fabrik,* 345 F.Supp. 292, 293 (D.Mont.1972); *see also, Yules v. General Motors Corp.,* 297 F.Supp. 674 (D.Mont. 1969). While *Scanlan* was a Rule 4B(1)(b) "tort accrual" case, the same principle applies here: a party seeking the advantages of a broader marketing area must be expected to follow those products. The defendant knew its products were going to Montana. It should also have known that problems could develop.[5]

## VENUE

■ Both parties acknowledge that under 28 U.S.C. § 1404(a), the question of transfer of venue in this case is left to the discretion of the court. It is recognized that under the statute, a court may order a transfer upon a lesser showing of inconvenience than was necessary under the doctrine of *forum non conveniens. Norwood v. Kirkpatrick,* 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955). The process consists primarily of weighing the conveniences and inconveniences which would accrue to each party, and making an order which is most commensurate with the "interest of justice." *See,* 28 U.S.C. § 1404(a). Great Plains cites the deference accorded a plaintiff's choice of forum, the convenience of several material witnesses, and the fact that the machines in question are in Montana. Tryco contends that witness convenience, and the amenability to suit in Great Falls of some contemplated third-party defendants, warrant transfer to Springfield, Illinois. The burden of showing that a change of venue would enhance witness convenience and the interests of justice

rests on the moving party. *See* Annot. 1 A.L.R.Fed. 15, 42 (1969). After careful consideration, the court concludes that the defendant's motion for change of venue should be denied.

## DEFECTIVE SUMMONS

■ The defendant has moved to quash plaintiff's summons, because it fails to set out the time available to Tryco to answer the complaint. Because Tryco concedes that most likely it has not been prejudiced by this technical defect, Rule 4(h) of the Federal Rules supports the conclusion that the plaintiff should be allowed to amend its summons. The amended summons and a copy of the complaint shall be served upon defendant's counsel of record.

## PLEADING OF DAMAGES

Finally, the defendant's contention that the plaintiff has improperly set out its claim for special damages is without merit. The court finds that the plaintiff's contentions concerning repair costs, lost business and "down time" have been stated with sufficient detail and clarity.

## CONCLUSION AND ORDER

In light of the above discussion, IT IS HEREBY ORDERED AND ADJUDGED:

1) That defendant's motion to quash service of summons and dismiss plaintiff's complaint is DENIED;

2) That defendant's motion for a change of venue is DENIED;

3) That plaintiff, within ten (10) days of the receipt of this order, serve upon counsel for the defendant an amended summons which sets out the time within which the defendant must answer the complaint, together with a copy of the complaint; and

---

thus the inquiry was whether the defendant company was "found within" Montana. The court expressly found the Rule 4B(1)(a) "transacts business" standard inapplicable because in *McIntosh,* unlike the instant case, the claim for relief did not arise out of the defendant's act of transacting business in Montana. *Id.* at 868.

**5.** The court's decision in the instant case is consistent with the Ninth Circuit's "three rules" for exercising *in personam* jurisdiction, taken from *International Shoe, McGee,* and *Hanson,* which were set out in *L.D. Reeder Contractors v. Higgins Industries,* 265 F.2d 768, 773–774 n. 12 (9th Cir.1959).

4) That the defendant shall have twenty (20) days from receipt of the amended summons and complaint within which to further plead.