**CHAMPION INTERNATIONAL CORPORATION, a New York corporation, Plaintiff,**

v.

**BENNETT FOREST INDUSTRIES, INC., a Washington corporation; Forest Transport, Inc., an Idaho corporation; Frank Bennett and Delores Bennett, individually and their marital community, Defendants.**

**No. CV 85–140–M–CCL.**

United States District Court,
D. Montana,
Missoula Division.

June 24, 1986.

George Goodrich, Gary Chumrau, Garlington, Lohn & Robinson, Missoula, Mont., Don Paul Badgley, Peter Miller, Bogle & Gates, Seattle, Wash., for plaintiff.

Christopher B. Swartley, Datsopoulos, MacDonald & Lind, Missoula, Mont., Thomas D. Cochran, Witherspoon, Kelley, Davenport & Toole, Spokane, Wash., for defendants.

## ORDER

LOVELL, District Judge.

This action arises out of a purported agreement between the parties for the sale and purchase of certain real property and related assets in Ravalli County, Montana, known as the "Conner-Darby" mills. The complaint alleges breach of contract, liability on guaranty agreements, breach of duty of good faith and disregard of corporate entity. Jurisdiction is based on diversity of citizenship. 28 U.S.C. § 1332.

Defendants move for change of venue to the District of Idaho, their state of citizenship.

Under 28 U.S.C. § 1391(a), where jurisdiction in a civil action is founded on diversity of citizenship, venue is proper "only in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose."

In this case, because no party is a resident or citizen of Montana, venue is premised upon where the "claim arose." Plaintiff asserts that the claim arose in Montana as to all defendants, because "a substantial part of the acts, events, or omissions ... that gave rise to the claim for relief" occurred in Montana. *Commercial Lighting Products, Inc. v. United States District Court*, 537 F.2d 1078, 1080 (9th Cir.1976).

In support of this argument, plaintiff has submitted affidavits of its officers and employees, reciting the following facts:

In the spring and early summer of 1983, defendants Frank Bennett and Delores Bennett traveled to Montana to inspect either or both of the Conner-Darby mills. On June 14, 1983, at plaintiff's office in Stamford, Connecticut, Frank Bennett and Tim Mueller, representing defendant Forest Transport, Inc., reached an agreement with Champion for the sale of the Conner-Darby mills. The agreement, subsequently reduced to writing, was signed in Seattle by representatives of Champion International Corporation and Bennett Forest Industries, and the transaction was scheduled to close on July 20, 1983, in Missoula, Montana.

During July 1983, Bennett Forest Industries began to prepare for business in Montana by opening an office in Darby and placing an employment advertisement in a local newspaper.

On July 19, 1983, following a meeting in Darby, Montana, Frank Bennett and Tim Mueller, a Bennett employee, Mueller informed Champion representatives that "the deal was off."

Affidavits from defendants and their representatives indicate that all negotiations concerning the sale of the Conner-Darby mills were held either in the state of Connecticut or in the state of Washington, or over the telephone between the states of Idaho, Oregon, and Connecticut. Defendants' affidavits further state that it would be more convenient for all defendants to litigate this action in the District of Idaho rather than in the District of Montana.

It further appears from the supplemental affidavit of Frank Bennett that even though defendant Bennett Forest Indus-

tries, Inc., is incorporated under Washington law and has its registered agent there, its principal place of business is in the state of Idaho. Bennett disagrees with Champion's representation that an agreement was reached between the parties in Stanford, Connecticut.

For the purposes of determining this motion, the Court accepts all parties' affidavits as true, and will assume that a final agreement was neither formalized nor executed by all parties.

In order for venue to be transferred to the District of Idaho, defendants must satisfy two requirements. First, the transferee district must be one in which the action "might have been brought" initially; *i.e.,* the requirements of 28 U.S.C. § 1391(a) must be met as to the District of Idaho. Second, defendants must show that transfer would further "the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).

Venue is proper in the district where all defendants reside. 28 U.S.C. § 1391(a). A corporation is a citizen of the state in which it is incorporated and of the state in which it has its principal place of business. 28 U.S.C. § 1332(c). Therefore, because Bennett Forest Industries has its principal place of business in Idaho, all defendants reside in Idaho. Consequently, this action originally could have been brought in the District of Idaho.[1]

Defendants claim that venue does not lie in the District of Montana because the claim did not arise, as to all defendants, within Montana.

The Ninth Circuit Court of Appeals has adopted a test of "substantial contacts" for determining where a claim arose for venue purposes. Under this test,

the claim arises "in any district in which a substantial part of the acts, events, or omissions occurred that gave rise to the claim for relief."

*District No. 1, Pacific Coast District, M.E. B.A. v. State of Alaska,* 682 F.2d 797, 799 (9th Cir.1982) (citation omitted). *See also, Central Valley Typographical Union No. 46 v. McClatchy Newspapers,* 762 F.2d 741, 745 (9th Cir.1985). Under limited circumstances, a claim may arise in two or more districts. *Leroy v. Great Western United Corp.,* 443 U.S. 173, 185, 99 S.Ct. 2710, 2717, 61 L.Ed.2d 464 (1979).[2]

Taking the factual assertions of both parties as true, the Court is of the opinion that the claim, if any, against defendants arose in Montana. Assuming that a final agreement was never executed and that all negotiations took place outside Montana, Montana is nonetheless the district having the most "substantial contacts" with this litigation.

Several factors weigh heavily in favor of this conclusion. Montana is the situs of the contract; defendants traveled to Montana to inspect the subject property and to prepare to commence business operations at the mill site. An office was opened in Darby, advertisements were placed in the media, contacts were made with logging companies and local utilities, and the transaction was scheduled to close in Missoula. Finally, communication of repudiation of the agreement occurred in Montana.

In contrast, the contacts with Idaho are minimal. Defendant Frank Bennett participated in several telephone conversations with Champion representatives, negotiating

---

1. Defendants claim that transfer to Idaho is proper because Bennett Forest Industries has consented thereto. However, if venue does not lie originally in the transferee district, the defendant's consent is irrelevant. *Hoffman v. Blaski,* 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960); *Commercial Lighting Products, supra.,* 537 F.2d at 1079.

2. The Court stated that the broadest interpretation of Section 1391 would allow the plaintiff to choose between two or more districts in the "unusual case" involving "districts that with approximately equal plausibility—in terms of the availability of witnesses, the accessibility of other relevant evidence, and the convenience of the defendant (but *not* of the plaintiff)—may be assigned as the locus of the claim." *Id.,* 443 U.S. at 185, 99 S.Ct. at 2717 (emphasis in original).

terms and confirming repudiation. No other significant events occurred in Idaho.

Under Montana law, proper venue for an action upon a contract is the county in which defendant resides or in which the contract was to be performed. § 25-2-121(1)(b), M.C.A. (1985). Under federal venue provisions as well, courts consider venue to be appropriate in the district in which the object of the contract and the majority of witnesses are located. *Midwest Precision Services, Inc. v. PTM Industries Corp.*, 574 F.Supp. 657 (N.D.Ill. 1983); *Great Plains Crop Management, Inc. v. Tryco Mfg. Co.*, 554 F.Supp. 1025 (D.Mont.1983); *Data Disc, Inc. v. Systems Tech. Assoc., Inc.*, 557 F.2d 1280, 1289 (9th Cir.1977).

Generally, Section 1404(a) involves "weighing the conveniences and inconveniences which would accrue to each party, and making an order which is most commensurate with the 'interest of justice.'" *Great Plains Crop Management, supra.*, 554 F.Supp. 1025. The plaintiff's choice of forum is given deference, and will not be disturbed unless it is clearly outweighed by other considerations. *Howell v. Tanner*, 650 F.2d 610 (5th Cir.1981), *reh. denied*, 659 F.2d 1079, *cert. denied*, 456 U.S. 918, 102 S.Ct. 1775, 72 L.Ed.2d 178; *Burner v. Monterey Domes, Inc.*, D.Mont., CV 84-241-H (Memorandum and Order entered August 21, 1985).

In this case, defendants have not shown that transfer to the District of Idaho would do more than shift the inconvenience of litigation from defendants to plaintiff. This is insufficient ground for transfer. *Continental Illinois National Bank & Trust Co. of Chicago v. Stanley*, 585 F.Supp. 610 (N.D.Ill.1984); *Burner, supra.*

Defendants have not substantiated their claim that Idaho provides a more convenient forum for litigation of this matter as opposed to Montana, nor that transfer would be in the interest of justice.

Therefore, IT IS ORDERED that defendants' motion for change of venue is hereby DENIED.