145 F.3d 1337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lawrence DESHAW and Betty Deshaw, Plaintiffs-Appellees,
v.
BELLETTE HOFMANN FINE ART, INC., Bellette Hofmann, Defendants,
and
Dorianne HUTTON, Defendant-Appellant.
 No. 96-36248.
D.C. No. CV-94-116-BLG-JDS.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 8, 1998.
Decided May 18, 1998.
 
 Appeal from the United States District Court for the District of Montana Jack D. Shanstrom, District Judge, Presiding.
 Before HUG, REINHARDT, and SILVERMAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Dorianne Hutton appeals from the district court's denial of her motion to set aside a $813,582.00 default judgment. The motion to set aside the default judgment raised the alternative grounds of lack of personal jurisdiction and excusable neglect. Although we agree with the district court that it has personal jurisdiction over Hutton, we hold that the district court erred in denying the motion to set aside judgment for excusable neglect pursuant to Fed.R.Civ.P. 60(b)(1). Accordingly, we affirm in part, reverse in part, and remand to the district court for proceedings consistent with this decision.
 
 I. Personal Jurisdiction
 
 3
 The district court's determination that it had personal jurisdiction over Hutton is a question of law reviewed de novo. Electrical Specialty Co. v. Road and Ranch Supply, Inc., 967 F.2d 309, 311 (9th Cir.1992). However, we accept the district court's factual findings on jurisdictional issues unless clearly erroneous. Rano v. Sipa Press, Inc., 987 F.2d 580, 587 (9th Cir.1993).
 
 
 4
 Jurisdiction must comport with the state long-arm statute and with the constitutional requirements of due process. Chan v. Society Expeditions, Inc., 39 F.3d 1398, 1404-05 (9th Cir.1994); State of North Dakota v. Newberger, 188 Mont. 323, 613 P.2d 1002, 1004 (Mont.1980). The requirement of the Montana long-arm statute that is applicable here is Mont. R. Civ. P. 4(B)(1)(b). Hutton's alleged acts resulted in the accrual of a tort in Montana. See Bi-Lo Foods, Inc. v. Alpine Bank, No. 97-090, 1998 WL 88454 (Mont. Feb.24, 1998), at * 5 (citing Scanlan v. Norma Projektil Fabrik, 345 F.Supp. 292, 293 (D.Mont.1972)).
 
 
 5
 Federal due process requirements are satisfied if: (1) Hutton conducted activities that purposefully availed herself of the jurisdiction; (2) the Deshaws' claims arise out of Hutton's forum-related activities; and (3) the exercise of jurisdiction is reasonable. Fireman's Fund Ins. Co. v. National Bank of Cooperatives, 103 F.3d 888, 894 (9th Cir.1996).
 
 
 6
 Here, Hutton never set foot in Montana, nor were her activities in Montana so substantial and continuous that they subjected her generally to personal jurisdiction there. However, the district court properly concluded that in relation to the specific causes of action in question, Hutton purposefully availed herself of the jurisdiction through acts she directed at the forum.
 
 
 7
 It is undisputed that Hutton knew that the paintings and their owner were physically located in Montana when she opined on their authenticity. It was not a fortuity that Hutton's certificates of authenticity wound up in Montana; she mailed them to Montana. The district court found that Hutton telephoned Deshaw in Montana 10 to 12 times annually to offer advice about purchases of art in general. As for the specific paintings in question, Hutton phoned Deshaw in Montana to assure him that the Dalis were genuine. The district court correctly concluded that taken together, Hutton's allegedly tortious acts, although not committed in Montana, resulted in the accrual of a tort in Montana. See Calder v. Jones, 465 U.S. 783, 789, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984); Haisten v. Grass Valley Med. Reimbursement Fund, Ltd., 784 F.2d 1392, 1397 (9th Cir.1986). Moreover, Hutton has presented no compelling reason why jurisdiction would be unreasonable. See Haisten, 784 F.2d at 1397.
 
 II. Default Judgment
 
 8
 Hutton next argues that the district court erred in refusing to set aside the default judgment entered against her. We agree. The default judgment was entered on October 19, 1995. Hutton learned about her default for the first time on October 28, 1995 when she received a copy of the judgment in the mail. Thirteen days later, Hutton brought her motion to set aside the judgment.
 
 
 9
 No one suggests that Hutton intentionally defaulted. To the contrary, it is undisputed that Hutton's mother, a named but unserved co-defendant, told Hutton that she would arrange to have the lawsuit answered for both of them. It also is uncontroverted that sometime after the summons and complaint were served, Hutton's housekeeper swept the legal papers out of sight and out of mind.
 
 
 10
 Under these circumstances, Hutton's neglect is excusable. She acted timely in moving to set aside the judgment. In her affidavit, Hutton made a prima facie showing of various meritorious defenses. Finally, the plaintiffs failed to demonstrate to the district court that they would suffer prejudice as a result of setting aside the default judgment. See Hammer v. Drago, 940 F.2d 524, 525 (9th Cir.1991). In light of the foregoing and the policy of resolving cases on their merits, see O'Connor v. State of Nevada, 27 F.3d 357, 364 (9th Cir.1994); Mendoza v. Wight Vineyard Mgmt., 783 F.2d 941, 945-46 (9th Cir.1986), the district court's denial of the motion to set aside the judgment was erroneous.
 
 III. Conclusion
 
 11
 We affirm the district court's conclusion that it has personal jurisdiction over Hutton. However, we reverse the district court's denial of Hutton's motion to set aside the judgment, and we remand the matter to the district court for proceedings consistent with this decision.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3