**Arnold FRIBERG, Plaintiff,**

v.

**Ronald SCHLENSKE et al.,
Defendants.**

**No. CV 75–16–GF.**

United States District Court,
D. Montana,
Great Falls Division.

June 25, 1975.

Dzivi, Conklin, Johnson & Nybo, Great Falls, Mont., for plaintiff.

Barry T. Olson, Great Falls, Mont., for defendant Schlenske.

Jardine, Stephenson, Blewett & Weaver, Great Falls, Mont., for defendant 1st Nat. Bank.

Church, Harris, Johnson & Williams, Great Falls, Mont., for defendant Northwestern Bank.

James, Sogard, Fopp & Paul, Great Falls, Mont., for defendants Osborne and Musselman.

## ORDER

RUSSELL E. SMITH, Chief Judge.

The motion of the defendants Osborne and Musselman (herein the "Texas defendants") to dismiss for want of jurisdiction over their persons is granted, and the action is dismissed as to them.

Arnold Friberg, the plaintiff, is a Utah artist. He delivered to the defendant Schlenske, a Montana art dealer, four paintings on consignment. Schlenske, without authority (according to the complaint), pledged the paintings to secure his own borrowings. The Montana banks which made the loans ultimately foreclosed the pledges and took possession of the paintings. Schlenske then called defendant Osborne, an art dealer in Texas, and told him that his (Schlenske's) Friberg collection of four paintings was for sale. There were some long-distance telephone calls between Texas and Montana, and the paintings were thereafter shipped by the Montana banks to a bank in Texas for inspection and possible approval. The paintings were accepted, and the purchase price was sent to Montana. Osborne secured the paintings, which were ultimately delivered to the defendant Musselman in Texas. The relationship between Osborne and Musselman is not shown, but except for the telephone conversations relating to the paintings, between Osborne in Texas and undisclosed persons in Montana, neither Osborne nor Musselman had any contacts with Montana prior to the time that the purchase price was mailed to Montana.

In the case of *Aylstock v. Mayo Foundation*, 341 F.Supp. 560, 562 (D.Mont. 1972), this court said:

It is not enough, however, that the conduct giving rise to the litigation fell within the exterior boundaries of the jurisdictional statute for it must also meet the "minimal contacts" rule of Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). This court, following the path taken by the Court of Appeals for the Ninth Circuit has established the tests to be applied. Two of the tests may be satisfied here—the act within the forum and a relationship between that act and the damage. The case, however, does not satisfy the third test, *due process*—a consonance with the due process tenets of "fair play" and "substantial justice." (Footnotes omitted.)

If jurisdiction could be found under the Montana Long Arm Rule (Mont.R.Civ.P. 4, subd. B), an assertion of jurisdiction by Montana courts would not satisfy the due process concept of "fair play."

The Texas defendants had no general relationship with Montana. In this one instance they did not seek to do business in Montana. They were sought out. They had no dealings of any kind with the plaintiff. The Texas defendants did nothing which resulted in the accrual of a tort action in Montana. Having paid the purchase price for the paintings, the Texas defendants did nothing which would lead them as reasonably prudent persons to foresee a lawsuit against them in. Montana.[1] Unless it can be said that the Texas defendants did something which would lead them as reasonable persons to foresee that they might be defendants in a lawsuit in Montana, it is simply unfair to bring them to this distant forum.

---

1. Had they failed to make the payments required, then they might very well have contemplated that they would be sued in Montana, and perhaps the telephone conversations would be sufficient to bring the transaction within Mont.R.Civ.P. 4, subd. B. *See*

State ex. rel. Goff v. District Court, 157 Mont. 495, 487 P.2d 292 (1971); Prentice Lumber Co. v. Spahn, 156 Mont. 68, 474 P. 2d 141 (1970). In such a case it would not be unfair to require them to defend here.