MR. JUSTICE DALY
dissenting:
I respectfully dissent from the majority opinion.
Under the law presently in effect in Montana, American Airlines (AA) cannot be considered “found within” Montana and therefore cannot be subject to the in personam jurisdiction of this State.
It is important, in the first instance, to emphasize the special facts of this case. The plaintiff flew from Montana to New York City on Northwest Airlines. He planned to transfer to British Airways and continue to Nepal. While at the New York airport, plaintiff alleges that somehow AA came into possession of his camera case, refused to give it back to him upon request, and insulted him. The plaintiff had not traveled on AA; there was no privity of contract between them. The plaintiffs claim of relief, therefore, is in no way related to AA's contacts with this state.
The issue here is how to interpret the words “found within” as they are used in Rule 4B, M.R.Civ.P. The pertinent part of Rule 4B reads: “All persons found within the state of Montana are subject to the jurisdiction of the courts of this state.” The remaining lettered subdivisions of Rule 4B are not applicable here since they apply only when a plaintiffs claim of relief arises out of the activities of the nonresident defendant in the forum state. While this Court has extended in personam jurisdiction over nonresident defendants to its constitutional limits under the lettered subdivisions of Rule 4B, Prentice Lumber v. Spahn (1970), 156 Mont. 68, 474 P.2d 141, we have *40 never done so under the first sentence of Rule 4B. But, we have applied the “two-step” test. The effect of the majority opinion is to institute a change in the existing law by extending jurisdiction under “found within” to that allowable under due process and reducing the law to a one-step test. By this expansion of jurisdiction, the majority has ignored both the importance of the words “found within” and the two-step test we have used for determining in personam jurisdiction.
The well-established two-step test for interpreting Rule 4B provides that the court must, as a first step, look to whether the statute provides for the exercise of jurisdiction under the particular facts of the case, and applying the second step, the court must determine whether it would offend due process to assert jurisdiction. State of North Dakota v. Newberger (1980), Mont., 613 P.2d 1002, 1004, 37 St.Rep. 1119, 1121; May v. Figgins (1980), Mont., 607 P.2d 1132, 1134, 37 St.Rep. 493, 495, quoting 2 Moore’s Federal Practice paragraph 4.41-1[1] at 4-421.
The first question here, then, is whether AA is “found within” the State of Montana, and the second question is whether the assertion of jurisdiction offends due process-that is the “traditional notions of fair play and substantial justice”. International Shoe v. Washington (1945), 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 102, quoting Millikin v. Meyer (1940), 311 U.S. 457, 463, 61 S.Ct. 339, 343, 85 L.Ed. 278, 283. It is important to note at this point that the “minimum contacts” test of International Shoe and its progeny is used only to determine whether due process has been offended.
The majority has meshed this two-step test into one step by looking only to whether the traditional notions of “due process” are offended by asserting jurisdiction here. The effect of its ruling is that “found within” must be interpreted, in the first instance, in terms of the most liberal constructions allowed to the “minimum contacts” test.
The major problem of applying the more liberal “minimum contacts” test, in the first instance, is the fact that there is no connection between plaintiff’s claim of relief and AA’s contacts with this state. Plaintiff did not buy a ticket to fly on AA *41 and had no contact with AA prior to the alleged conversion of his camera case in New York. If he had bought a ticket from AA, it may have been possible to apply the more liberal “minimum contacts” interpretation to subdivision (a) of Rule 4B(1), “transacting business”.
In Newberger this Court acknowledged that jurisdiction over a nonresident defendant may be asserted even though the cause of action did not arise out of the defendant’s contacts with the forum state. Nevertheless, both this Court and the United States Supreme Court have recognized that, “[t]he contacts required upon which to base jurisdiction, consistent with due process, would be greater where the action is brought upon a claim not arising from these contacts with the state, than where the action does arise from the state’s contacts.” (Emphasis added.) May, supra, 607 P.2d at 1137, quoting 2 Moore’s Federal Practice paragraph 4.41- 1[1] at 4-414; International Shoe, 326 U.S. at 317-318, 66 S.Ct. at 158-59. The majority has ignored the case law that sets a restrictive test for personal jurisdiction when the claim of relief does not arise from the nonresident’s contacts with this state.
By ignoring this case law, the majority has failed to recognize the true issue of this case: how much more “substantial, continuous and systematic” must the nonresident’s activity be under “found within” than under the lettered subdivisions of Rule 4B.
The majority relies upon two cases, Gullett v. Qantas Airways Ltd. (M.D. Tenn. 1975), 417 F.Supp. 490, and Ladd v. KLM Royal Dutch Airlines (S.D.N.Y.1978), 456 F.Supp. 422, to support its conclusion that AA has sufficient contacts -with this state to support the assertion of in personam jurisdiction. The precedential value of these cases is highly questionable here. In Gullett the plaintiffs had a contractual relationship with Qantas Airways that gave rise to the claim of relief, and in Ladd the New York federal court was construing a Tennessee statute which provided for the exercise of in personam jurisdiction over any person on “[a]ny basis not inconsistent with the Constitution of this State or the United States.” TCA *42 section 20-235(f). Here, there is no contractual relationship between the parties, and we are not dealing with statutory-language in any way similar to Tennessee’s statute, Tennessee being a typical one-step state.
Only two cases give any guidance for the interpretation of “found within” as it is used in Rule 4B. McIntosh v. Heil Company (D.Mont.1972), 350 F.Supp.866, speaks directly to this point; and Newberger, 613 P.2d at 1005, speaks only indirectly.
In Heil, the nonresident corporation advertised in Montana, sent agents into Montana to bid on municipal contracts, and distributed products through a distributor located in Billings. The corporation had no registered agent in Montana, owned no property, and maintained no office. Most importantly, the plaintiffs claim of relief arose out of the use of one of the corporation’s trucks in Wyoming, so there was no connection between the claim for relief and the corporation’s contacts with Montana. The sole question was whether the corporation was “found within” Montana.
In reasoning that “found within” must be distinguished from the test of minimum contacts and transacting business, the District Court in Heil said:
“In People’s Tobacco Company, Ltd. v. American Tobacco Co., 246 U.S. 79, 38 S.Ct. 233, 62 L.Ed. 587 (1918), the Supreme Court said that ‘to be found’ within a district a corporation must be present in the district by its officers and agents carrying on the business of the corporation. In United States v. Scophony Corp. of America, 333 U.S. 795, 68 S.Ct. 855, 92 L.Ed. 1091 (1948), the Supreme Court said that the word ‘found’ denoted the concept of ‘carrying on business’ and that the words ‘transact business’ had a meaning broader than the words ‘carrying on business’. The words ‘found’, ‘doing business’, ‘transaction of any business’ were at the time the Montana rules were adopted words of art the meanings of which were known to the bench and bar. The scholarly committee drafting the Montana rules used these words, and it is apparent that they were used as words of art. The all-encompassing phrase ‘the transaction of any business’ was used to provide a maximum protection to persons injured by *43 reason of activity in Montana. As to those actions arising in other jurisdictions or torts accruing in other jurisdictions the committee used the more restrictive words found within’.” (Emphasis added.) 350 F.Supp. at 868.
The court in Heil then went on to put its own limitations on the words “found within”:
“A corporation is not found within the state of Montana’ unless it has agents or officers here upon whom process may be served or unless its business has been of such character and extent as to warrant the inference that it has subjected itself to the jurisdiction of the state. It is generally held that such an inference cannot arise where a corporation merely solicits for business and ships its products into the state and occasionally sends an officer or agent into the state for solicitation purposes. [Citations omitted.]” (Emphasis added.) 350 F.Supp. at 868-869.
The plaintiff argues that Newberger is the main controlling authority. In Newberger this Court found that the defendant was “found within” this state. The defendant’s contacts with this state in Newberger, however, were much more substantial tha n those of AA in this case. In Newberger, the defendant was “found within” Montana because of the following activity:
“The record reveals that appellant has promoted concerts in Montana prior to the one in Missoula at which the proceeds were attached. As part of his business transactions, appellant also enters into contracts for services to be provided in this state. It is out of a similar and related contract that respondent’s claim for relief or course of action arises. The basis of respondent’s claim is, therefore, not totally unrelated to or distinct from the activities of appellant in this state. Further, at the time of this action, appellant was in possession of monies or personal property in this state which were alleged to have rightfully belonged to respondent . . .” 613 P.2d at 1005. Most importantly, the nonresident defendant was actually present in Missoula at the time the action was commenced.
*44 The acts of solicitation by AA are clearly less substantial than those contacts of the nonresident defendant in Newberger.
. Given the higher degree of “substantial” and “continuous and systematic” activity necessary for a nonresident corporation to be “found within” this state, it seems that the acts of mere solicitation are not sufficient. While International Shoe clearly held that mere solicitation would be enough to satisfy “presence” for due process purposes, or the one-step type of test, that is not what we are concerned with here. It was recognized in International Shoe, itself, that where the claim of relief is not connected with the nonresident corporation’s activity in a forum state, the extent and quality of corporate contacts must be greater. International Shoe, 326 U.S. at 317-318, 66 S.Ct. IT 158-59; see also prior reference to May, 607 P.2d at 1137.
Given this greater standard of “found within”, mere solicitation does not constitute the “substantial” activity necessary to find in personam jurisdiction where the claim of relief is in no way connected to the solicitation in the forum state. I would, therefore, dismiss this case on the grounds that AA is' not subject to the in personam jurisdiction of the State of Montana.
MR. CHIEF JUSTICE HASWELL concurs in the foregoing dissent.