Todd A. Hammer, Warden, Christiansen, Johnson & Berg, Kalispell, Mont., for plaintiff.

John R. Gordon, Murray, Kaufman, Vidal & Gordon, Kalispell, Mont., for defendant.

**Arline A. RICHARDSON, Plaintiff,**

v.

**AMERICAN FAMILY INSURANCE COMPANY, Defendant.**

**No. CV–86–47–M–CCL.**

United States District Court, D. Montana, Missoula Division.

Aug. 29, 1986.

## MEMORANDUM AND ORDER

LOVELL, District Judge.

This is a third-party bad faith action based on plaintiff's allegation that defendant has unreasonably failed to settle her insurance claim against its insured even though liability is reasonably clear. The case is before the Court on defendant's motion to dismiss for want of personal jurisdiction. Having been briefed fully, defendant's motion is ripe for disposition.

## BACKGROUND

On August 10, 1984, plaintiff Arline Richardson was operating a motor vehicle in Carthage, Missouri. While stopped at an intersection, Richardson's vehicle was struck from behind by an automobile driven by Bruce Harmon. The Harmon vehicle subsequently was struck from behind by a car driven by Joyce Rogler. The Rogler vehicle was insured by defendant American Family Insurance Company.

Richardson is a Montana citizen. Shortly after the above-described automobile accident, Richardson returned to Montana.

American Family Insurance is a Wisconsin corporation with offices and agents in Missouri where it is registered to do business. American Family Insurance claims that it is not registered to do business in Montana, that it in fact has not transacted any business in Montana, that it has not committed any tort in Montana, that it does

not maintain any offices or have any agents or employees in Montana, and that it has not done anything to purposefully avail itself of the protections of the laws of the state of Montana.

In her pleadings, Richardson concedes that American Family Insurance does not sell or solicit policies of insurance within Montana. However, Richardson alleges that defendant's employees and agents have used interstate mail and telephone services to contact Montana residents concerning plaintiff's insurance claim. Richardson contends those contacts are sufficient to subject defendant to Montana's long-arm jurisdictional statute. Richardson also alleges that defendant hired an adjuster in Montana to act as its agent with respect to her claim or fraudulently misrepresented that it had obtained such services.

## DISCUSSION

In determining whether *in personam* jurisdiction exists over a non-resident defendant in a case where subject matter jurisdiction is based on diversity of citizenship, the Court must apply a two-part test. First, the Court looks to the long-arm statute of the state in which it sits; and second, the Court determines whether application of the statute is consistent with due process. *Paccar International, Inc. v. Commercial Bank of Kuwait,* 757 F.2d 1058 (9th Cir.1985); *Taubler v. Giraud,* 655 F.2d 991 (9th Cir.1981).

Montana's long-arm statute is contained in Rule 4B, Mont.R.Civ.P.[1] Under Rule 4B, a person is subject to the jurisdiction of the

courts of Montana if he or she is either "found" within the state or is subject to a claim for relief arising from the commission within the state of one or more of six enumerated acts. The long-arm statute has been construed liberally in favor of finding jurisdiction in Montana courts. *See, e.g., Prentice Lumber Company, Inc. v. Spahn,* 156 Mont. 68, 474 P.2d 141 (1970). Richardson contends that American Family Insurance "transacted business" within Montana and has had sufficient "minimum contacts" with the state so as to subject it to the personal jurisdiction of this Court. Richardson alleges that agents or employees of American Family Insurance used interstate mail or telephone services on 18 occasions for the purpose of responding to her claim against its insured. Assuming the validity of plaintiff's arguments that defendant transacted business within Montana or committed some act which resulted in the accrual of a tort action within the state, the Court still must determine that exercise of jurisdiction over defendant would be consistent with due process.

Exercise of personal jurisdiction over a non-resident defendant is consistent with due process in one of two circumstances. First, general jurisdiction will lie if the defendant's activities in the state are substantial and continuous, even if the cause of action is not related to defendant's activities in the forum state. *Pacific Atlantic Trading Co. v. M/V Main Express,* 758 F.2d 1325 (9th Cir.1985). Second, if the defendant's activities are not sufficiently pervasive to support general jurisdiction,

---

1. Rule 4B, Mont.R.Civ.P., provides in part:

   (1) All persons found within the state of Montana are subject to the jurisdiction of the courts of this state. In addition, any person is subject to the jurisdiction of the courts of this state as to any claim for relief arising from the doing personally, through an employee, or through an agent, of any of the following acts:

   (a) the transaction of any business within this state;

   (b) the commission of any act which results in accrual within this state of a tort action;

   (c) the ownership, use or possession of any property, or of any interest therein, situated within this state;

   (d) contracting to insure any person, property or risk located within this state at the time of contracting;

   (e) entering into a contract for services to be rendered or for materials to be furnished in this state by such person; or

   (f) acting as director, manager, trustee or other officer of any corporation organized under the laws of, or having its principal place of business within this state, or as personal representative of any estate within this state.

the nature and quality of the forum-related activities must be evaluated in relation to the specific cause of action to determine whether limited jurisdiction exists. *Id.*

Plaintiff apparently does not dispute that American Family Insurance does not have such systematic and continuous contact with Montana so as to subject itself to general personal jurisdiction within the state. Thus, personal jurisdiction over defendant must be based on its forum-related activities. The Ninth Circuit Court of Appeals has adopted a three-prong approach for evaluating the defendant's contacts with the forum to ascertain whether limited jurisdiction exists: (1) the non-resident defendant must do some act or consummate some transaction in the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim asserted against defendant must be one which arises out of or results from defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. *Data Disc, Inc. v. Systems Technology Associates, Inc.,* 557 F.2d 1280 (9th Cir.1977). It is plaintiff's position that defendant, by sending written or telephonic responses to her insurance claim in an attempt to settle it, has satisfied the first element of the test set forth in *Data Disc.*

Montana's long-arm statute is somewhat unique in that the non-resident defendant need not *commit* a tort within Montana to be subject to jurisdiction. Rather, the tort action must *accrue* within the state. Thus, for purposes of this analysis, it makes no difference that American Family Insurance was not physically present in Montana at the time it allegedly unreasonably refused to settle Richardson's claim. *See McGee v. Riekhof,* 442 F.Supp. 1276, 1279 n. 2 (D.Mont.1978). Assuming, then, that defendant's conduct resulted in the accrual of a tort action within Montana, the Court's inquiry is whether such conduct satisfies the *Data Disc* test.

The Supreme Court of Montana adopted the *Data Disc* test in *Simmons v. State of Montana, et al.,* — Mont. ——, 670 P.2d 1372 (1983). *Simmons* involved an agreement between the states of Montana and Oregon for conducting lab testing for metabolic disorders. The Oregon Department of Human Resources in Portland, Oregon, performs the tests for children born in Montana. Blood samples are sent by the state of Montana to Portland, and the test results are returned to Montana. Plaintiff in *Simmons* was the father of a child whose metabolic disorder the laboratory had failed to detect. Plaintiff sued the state of Montana and the state of Oregon in Montana state district court on a theory of negligence.

Affirming dismissal of the state of Oregon for lack of personal jurisdiction, the court held that Oregon had done nothing by which it purposefully availed itself of the privilege of conducting activities in Montana and, therefore, that the first element of the *Data Disc* test could not be satisfied. In part, the court held that the mere act of sending test results to Montana was insufficient to confer personal jurisdiction.

> Although [Oregon] is aware that test results are destined for Montana, this is not enough contact to warrant a holding that it has purposely availed itself of the privilege of conducting activities in the forum state. Telephone and mail communication of test results do not transform the nature of the contact into a purposeful injection into Montana. Interstate communication is an almost inevitable accompaniment to doing business in the modern world, and cannot by itself be considered a "contact" for justifying the exercise of personal jurisdiction.... [T]elephonic and mail communication are generally "secondary or ancillary factors" to underlying transactions, and therefore do not provide the crucial minimum contacts.

*Simmons, supra,* 670 P.2d at 1380 [citations omitted]. The Court further emphasized that Oregon had been sought out by Montana as opposed to actively soliciting its services in the forum state. *Id.*

A consistent ruling was reached by the Ninth Circuit Court of Appeals in *Hunt v. Erie Insurance Group*, 728 F.2d 1244 (9th Cir.1984). The plaintiff had been in an automobile accident in Colorado and had thereafter moved to California where the state would provide assistance for the cost of her medical treatment. The defendant insurance company was an "East Coast" operation, and conducted no business whatsoever in California. The insurance contract in question had been entered into in Pennsylvania by residents of Pennsylvania. Applying the *Data Disc* test, the court held that the insurance company was not subject to personal jurisdiction within the state of California.

The court first rejected plaintiff's argument that defendant availed itself of the benefit of California's welfare or medical payment programs. Plaintiff claimed that because of defendant's refusal to pay full benefits she was compelled to seek out a state which provided a publicly-assisted substitute. Dismissing this contention, the court noted that it was plaintiff's decision to move to California.

> To characterize her decision as an intentional action by [defendant], for purposes of meeting the purposeful availment requirement of due process, would frustrate the very policy behind that requirement: ensuring that a *"defendant's* conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there."

*Hunt, supra,* 728 F.2d at 1247 [citation omitted].

Plaintiff further argued that the insurance company committed a tort in California by mailing to that state its refusal to assume unlimited liability for her medical costs. The court refused to hold that the requisite minimum contacts are established because a plaintiff's move into a state requires the defendant to send communications into that forum. The court stated:

The mere fact that Erie communicated with Hunt in the state, and may have committed a tort in the exchange of correspondence, does not show that Erie purposefully availed itself of the privilege of conducting business in California. Hunt's move to California forced Erie to send mail to that state concerning her claim.

*Id.* at 1248.

American Family Insurance's interstate communication in responding to plaintiff's inquiries about her claim against its insured is indistinguishable in my opinion from the defendants' conduct in *Simmons* and *Hunt*. Under no reasonable interpretation of the facts can defendant be held to have purposefully availed itself of the privilege of conducting activities in Montana, thereby invoking the benefits and protections of its laws. That American Family Insurance sent mail and telephonic messages to plaintiff in Montana resulted solely from the fact plaintiff had returned to this state. Such interstate communication is inevitable in the modern business world and is not sufficient "contact" with the forum to justify the exercise of personal jurisdiction.

Under the authority of *Hunt*, I find that the first element of the *Data Disc* test cannot be satisfied under the facts of this case. Because it is the holding of the Court that American Family Insurance has not purposefully availed itself of the privileges of conducting activities within the forum, the other two elements of the *Data Disc* test need not be addressed.[2]

With respect to plaintiff's argument that defendant obtained the services of an insurance adjuster within the state and, therefore, is subject to jurisdiction under Rule 4B(1)(e), Mont.R.Civ.P., for entering into a "contract or agreement for personal services," the Court finds that the facts do not support plaintiff's position. The affidavits submitted by the parties indicate that defendant did not enter into any personal

---

**2.** For a discussion of these elements, *see First National Montana Bank of Missoula v. Federal Leasing, Inc.,* 618 F.Supp. 491 (D.Mont.1985).

services contract with either plaintiff or Jim Carlson, the Montana adjuster in question.

For these reasons,

IT IS ORDERED that the motion to dismiss of defendant American Family Insurance for lack of personal jurisdiction is GRANTED.