No. 02-650

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 132

GERALD R. HARLAND, DON G. HARLAND,
and KATHY L. HARLAND, d/b/a HARLAND
RANCH PARTNERSHIP,

      Plaintiffs and Appellants,

    v.

ANDERSON RANCH CO., a Montana corporation,

      Defendant, Respondent and Cross-Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. ADV 2001-398,
Honorable Thomas M. McKittrick, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

            Ward E. Taleff, Alexander, Baucus, Taleff, Paul & Young, PLLC,
Great Falls, Montana

      For Respondent:

            Robert J. Emmons, Emmons & Sullivan, Great Falls, Montana

Submitted on Briefs:  April 25, 2003

Decided:  May 21, 2004

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1	Gerald Harland, Don Harland and Kathy L. Harland, d/b/a/ Harland Ranch Partnership (hereinafter, the Harlands) appeal, and Anderson Ranch Company (hereinafter, Anderson Ranch) cross-appeals, from an order entered by the Eighth Judicial District Court, Cascade County, granting summary judgment to Anderson Ranch based upon the doctrine of *res judicata*. We affirm in part, reverse in part, and remand.

¶2	The parties raise the following issues on appeal:

¶3	1. Did the District Court err in looking beyond the plain language of the 1983 amended judgment?

¶4	2. Did the District Court err in granting summary judgment in favor of Anderson Ranch?

¶5	3. Did the District Court have jurisdiction to consider the effect of the 1983 amended judgment?

¶6	4. Was the Harlands' easement over the Anderson Ranch property extinguished by way of abandonment and waiver?

¶7	5. Is Anderson Ranch entitled to attorney fees?

### PROCEDURAL AND FACTUAL BACKGROUND

¶8	On January 25, 1972, Gerald R. Harland commenced litigation in the Eighth Judicial District Court, Cascade County, seeking to establish a right-of-way across property owned by Roy and Lottie Anderson (the Andersons) and the Anderson Ranch. The complaint in that action alleged that an easement existed by way of prescription and sought damages

against the Andersons for wrongful interference. In the alternative, Harland asked the court to condemn an easement across the Andersons' property for his use.

¶9 The District Court awarded summary judgment in favor of the Andersons on Harland's claims for a prescriptive easement and related damages. Harland appealed from the District Court's ruling, and we affirmed. *See Harland v. Anderson* (1976), 169 Mont. 447, 548 P.2d 613.

¶10 Following remand, the District Court resumed proceedings on Harland's claim for an easement by condemnation. On January 5, 1983, the court entered findings of fact and conclusions of law, determining that Harland's use of his land for stock grazing was a public use and that, under the power of eminent domain, he was entitled to a non-exclusive easement over the Andersons' property.

¶11 On January 7, 1983, the District Court entered judgment awarding the Andersons $1,700 as just compensation for the taking of the easement granted to Harland, as well as attorney fees and costs. However, the order failed to account for the grant of an easement to Harland, and on January 10, 1983, the District Court issued an amended judgment, which expressly set aside the January 7 judgment and granted Harland an unrestricted easement over the Andersons' property.

¶12 The Andersons thereafter filed a motion to alter or amend the District Court's findings of fact, conclusions of law and judgment, asserting that the judgment "amounts to the taking of an easement amounting to the total use of the road involved," and requesting that they be

3

granted $6,500 as just compensation for the taking of the easement. The District Court denied the Andersons' motion.

¶13 On March 17, 1983, Harland and the Andersons entered a stipulation agreeing that $7,500 should be awarded to the Andersons for attorney fees and costs. The parties further agreed not to appeal from the amended judgment. On March 23, 1983, the District Court entered an order approving the stipulation.

¶14 For nearly twenty years thereafter, the Harlands utilized the right-of-way easement across the Anderson Ranch for the purposes of inspecting their property, building roads, logging, recreation, and other non-agricultural uses, including guided hunting. However, around May 2000, Anderson Ranch initiated efforts to restrict the Harlands' use of the easement by attempting to block access to the road crossing its property.

¶15 On April 26, 2001, the Harlands commenced litigation in District Court seeking declaratory and injunctive relief on the basis that the January 10, 1983 amended judgment granted them a non-restrictive easement across the Anderson Ranch. The Harlands additionally claimed they were entitled to damages for Anderson Ranch's wrongful interference with the use of the easement and requested attorney fees.

¶16 Anderson Ranch responded by denying the Harlands' allegations that it had impeded the use of the easement and argued that the right-of-way granted under the January 10, 1983 amended judgment was limited to agricultural and grazing purposes. The Ranch additionally asserted the affirmative defenses of *res judicata*, judicial estoppel, abandonment, laches, and waiver.

4

¶17 On January 17, 2002, Anderson Ranch brought a motion for summary judgment seeking dismissal of the lawsuit on the basis of *res judicata* and its other asserted affirmative defenses. The Harlands cross-moved for summary judgment on the basis that the amended judgment clearly and unambiguously granted them an unrestricted easement across the Anderson Ranch, and argued that the District Court was not permitted to go beyond the four corners of the amended judgment in making its determination.

¶18 Following hearing on the motions, the District Court concluded that the language of the amended judgment, which had vacated the prior judgment for failing to comply with the court's findings of fact and conclusions of law, implied that the court's findings and conclusions were "necessary thereto," and therefore reviewed the court's 1983 findings of fact and conclusions of law in construing the amended judgment. In so doing, the District Court concluded that the easement was restricted to agricultural and grazing purposes and granted summary judgment to Anderson Ranch on the basis of *res judicata*.

¶19 On September 13, 2002, the District Court entered judgment formally granting Anderson Ranch's motion for summary judgment, denying Harlands' motion for summary judgment and dismissing the Harlands' claim with prejudice. Harlands appeal from this judgment and Anderson Ranch cross-appeals from the District Court's denial of summary judgment as to its affirmative defenses of abandonment and waiver.

**STANDARD OF REVIEW**

¶20 We review a district court's grant or denial of summary judgment *de novo*. *Spain-Morrow Ranch, Inc. v. West* (1994), 264 Mont. 441, 444, 872 P.2d 330, 331. In this case,

summary judgment was granted based upon the court's interpretation of a written judgment. Interpretation of judgments presents a question of law for the court. *See Gans & Klein Inv. Co v. Sanford* (1932), 91 Mont. 512, 522, 8 P.2d 808, 811. We review a court's conclusions of law to determine whether its interpretation is correct. *Madrid v. Zenchiku Land and Livestock*, 2002 MT 172, ¶ 5, 310 Mont. 491, ¶ 5, 51 P.3d 1137, ¶ 5.

## DISCUSSION

¶21 **Did the District Court err in looking beyond the plain language of the 1983 amended judgment?**

¶22 The Harlands contend the District Court erred in considering the findings of fact and conclusions of law in construing the 1983 amended judgment. They maintain that, where the decree is clear and unambiguous, reference cannot be made beyond the face of the decree. We agree.

¶23 We have long since recognized that a district court may refer to the pleadings, judgment roll, and the entire record in the original case when construing a decree which is lacking in certain elements or obscure and uncertain in meaning. *Quigley v. McIntosh* (1940), 110 Mont. 495, 510, 103 P.2d 1067, 1074. *Quigley* concerned a district court's interpretation of a 1913 decree adjudicating water rights to Three Mile Creek, an adjudicated stream in Powell County. The decree only addressed the acreage of land the senior appropriators could irrigate and the flow rate that could be applied. When senior appropriators began using a greater amount of water from the creek than the decree allowed by diverting water to new acreage, junior appropriators brought suit. After making extensive

6

findings of fact and conclusions of law with respect to the historical distribution of waters and ditches, the district court concluded that the junior users had been injured by the increased water usage and enjoined the senior appropriators' expanded use. On appeal, the senior users asserted the district court had erred by looking beyond the face of the 1913 decree. We affirmed the district court, stating in pertinent part:

> If the decree were complete in all details relating to the actual amounts of water to be used under the various appropriations there would be no occasion, in construing it, to resort to pleadings or evidence. But in construing a decree which is lacking in certain elements or obscure or uncertain in meaning, reference may be made to the pleadings, judgment roll, or entire record of the case.

*Quigley*, 110 Mont. at 510-11, 103 P.2d at 1074. Thus, *Quigley* established that a district court may refer to the record in the original case when construing a decree which is obscure or ambiguous. However, where the language of a court's decree is plain, there is no need, "in construing it, to resort to pleadings or evidence." *Quigley*, 110 Mont. at 510, 103 P.2d at 1074.

¶24 This ruling–that the effect of the decree must be declared in light of the literal meaning of the language used when the decree is clear and unambiguous–is consistent with the general rule for construing judgments. In American Jurisprudence 2d, it is stated:

> As a general rule, where a court's decree is clear and unambiguous, neither pleadings, findings nor matters outside the record may be used to change its meaning or construe it. However, a judgment which is ambiguous and uncertain may be read in connection with the entire record and construed accordingly. A judgment will be considered ambiguous if reasonable persons differ as to its effect and meaning.

46 Am.Jur.2d Judgments § 97 (1994).

¶25    In this case, the 1983 amended judgment provided, in relevant part:

> The Plaintiff, GERALD R. HARLAND, recover from the Defendant, ANDERSON RANCH CO., a right-of-way easement for the construction and maintenance of a road . . . which road shall be for the purpose of providing ingress and egress to the lands of the Plaintiff, GERALD R. HARLAND . . . . The Defendant condemnees shall retain the right to fully use and enjoy such real estate within said right-of-way easement, except as may be inconsistent with, or interfere with, the rights and privileges necessary to the Plaintiff, GERALD R. HARLAND, in the construction and maintenance of said roadway for convenient ingress and egress to the Plaintiff's lands described on Exhibit B.

As evident by its plain language, the amended judgment specified that the easement was for the purpose of providing Harland "convenient ingress and egress" across the Anderson Ranch. It did not limit the use of the easement to a particular purpose. Rather, the amended judgment clearly conferred a non-restrictive right-of-way easement to the Harlands, while retaining the Andersons' right to continued use of the easement, so long as such use was not contrary to the Harlands' rights.

¶26    Throughout the proceedings below, Anderson Ranch maintained that the District Court did not intend to grant such a broad easement to the Harlands in its 1983 amended judgment. Despite its contentions, the Ranch failed to establish any ambiguity in the judgment which would require reference to the record. As previously discussed, when the judgment is not ambiguous or uncertain, the written judgment should be accepted at face value and without speculating as to the reasoning behind the particular result. In this case, the District Court went beyond the face of the decree by referencing the 1983 findings of fact and conclusions of law. From these findings, the court determined that the Harlands' easement was limited to agricultural/grazing purposes, and that the doctrine of *res judicata*

8

prevented relitigation of a claim for an unrestricted easement. However, because we conclude the 1983 amended judgment clearly and unambiguously granted the Harlands an unrestricted easement across the Anderson Ranch, we hold the District Court erred in looking beyond the face of the decree, and, therefore, improperly denied the Harlands' motion for summary judgment. Accordingly, we reverse the District Court's order awarding Anderson Ranch summary judgment and denying summary judgment to the Harlands, and direct entry of judgment in favor of Harlands consistent with this opinion.

¶27 **Did the District Court err in granting summary judgment in favor of Anderson Ranch?**

¶28 The Harlands argue that genuine issues of material fact existed with regard to whether the parties acknowledged the grant of an unrestricted easement in their March 17, 1983 stipulation. Because we conclude the District Court erred by referencing the record in its interpretation of the 1983 amended judgment and, thus, reverse in favor of the Harlands on issue one, we need not reach the merits of this issue.

¶29 **Did the District Court have jurisdiction to consider the effect of the 1983 amended judgment?**

¶30 Anderson Ranch argues that the District Court was without jurisdiction to entertain the Harlands' complaint. Although its brief is unclear, the Ranch's apparent contention is that the relief requested is not contemplated by the Uniform Declaratory Judgment Act (UDJA), § 27-8-101 et seq., MCA (2001). The Harlands respond that Anderson Ranch failed to raise its jurisdictional issue in District Court. Anderson Ranch concedes it did not

9

address this matter below, but maintains that issues concerning subject matter jurisdiction may be raised at any stage in the proceedings. In the absence of "statutory jurisdiction" under the UDJA, the Ranch contends that "the amended complaint should be dismissed by this Court . . . ."

¶31 It is correct that a judgment entered by a court lacking subject matter jurisdiction is subject to attack at any time.[1] *Glickman v. Whitefish Credit Union Assn.,* 1998 MT 8, ¶ 12, 287 Mont. 161, ¶ 12, 951 P.2d 1388, ¶ 12; Rule 12(h)(3), M.R.Civ.P. However, we disagree that the District Court lacked jurisdiction to hear the dispute in this case. "Subject matter jurisdiction is simply the power of the court to hear and adjudicate the claim before it." *In re B.F.*, 2004 MT 61, ¶ 18, 320 Mont. 261, ¶ 18, 87 P.3d 427, ¶ 18. Both the Montana Constitution, Article VII, Section 4, and § 3-5-302, MCA, provide a district court with original jurisdiction in all civil matters, and in all cases arising at law and in equity. This being such a case, the District Court possessed the requisite subject matter jurisdiction to adjudicate the dispute.

¶32 Furthermore, Harlands' complaint pled alternate claims for declaratory and injunctive relief. Thus, assuming *arguendo* that an action for a declaratory judgment is inappropriate

---

[1]It should be noted that a defense of lack of jurisdiction over the person is waived if omitted from a motion made pursuant to Rule 12, M.R.Civ.P., or if not included in a responsive pleading or an amendment permitted by Rule 15(a), M.R.Civ.P., to be made as a matter of course. *See Prentice Lumber Co. v. Spahn* (1970), 156 Mont. 68, 72, 474 P.2d 141, 143. In this case, lack of personal jurisdiction was not raised at any stage of the proceedings and, therefore, we do not address it.

under these circumstances, the District Court nonetheless possessed subject matter jurisdiction over the Harlands' claim for injunctive relief.

¶33 In addition to its jurisdictional attack, Anderson Ranch appears to question whether a declaratory judgment action may be used to request a judicial interpretation of a judgment. While this Court is generally willing to relax technical requirements for briefing as long as the fundamental factual and legal basis for the appeal is discernable, in this case, we are simply unable to decipher the precise issue raised by the Ranch. The Ranch submitted a thirty-eight page brief herein consisting almost exclusively of quotations, with very little discussion or argument between quotes. Under Rule 23(b), M.R.App.P., a respondent's brief must contain a succinct, clear and accurate summary of the arguments posited by the party, followed by a well reasoned argument containing citations to the authorities, statutes, and pages of the record relied upon. It is not this Court's obligation to guess a party's precise position or to develop legal analysis that may support that position. *In re Marriage of Snow*, 2002 MT 143, ¶ 28, 310 Mont. 260, ¶ 28, 49 P.3d 610, ¶ 28. In light of Anderson Ranch's failure to present a cogent argument concerning the availability of a declaratory judgment action to interpret a judicial decree, we decline to address the merits of this argument on appeal.

¶34 **Was the Harlands' easement over the Anderson Ranch property extinguished by way of abandonment and waiver?**

¶35 Anderson Ranch moved that the District Court enter summary judgment on the basis of its asserted affirmative defenses of *res judicata*, judicial estoppel, abandonment, laches,

and waiver. The District Court awarded summary judgment to Anderson Ranch on the grounds that the easement was limited to agricultural/grazing purposes, and that the Harlands' claim for an unrestricted easement was barred under principles of *res judicata*, and thus, did not address the Ranch's remaining affirmative defenses.

¶36 On cross-appeal, Anderson Ranch asserts the District Court erred in failing to award summary judgment as to its asserted defenses of abandonment and waiver. In response, the Harlands argue that a court's *failure* to grant summary judgment is not an appealable order. Alternatively, they maintain that denial of summary judgment on the Ranch's alternate defenses was appropriate due to the existence of genuine issues of material fact.

¶37 Pursuant to Rule 1(b)(1), M.R.App.P., an appeal may be taken from a final judgment entered in an action in a district court. A final judgment is one which constitutes a final determination of the rights of the parties; any judgment, order or decree leaving matters undetermined is interlocutory in nature and not a final judgment for purposes of appeal. *Matter of Litigation Relating to Riot* (1997), 283 Mont. 277, 280, 939 P.2d 1013, 1015-16.

¶38 In the present case, Anderson Ranch brought its motion for summary judgment on several alternate theories. Although the District Court awarded summary judgment on the basis of *res judicata*, judgment on any one of the Ranch's asserted affirmative defenses would have resulted in a final determination of the parties' rights. Accordingly, the District Court's order granting summary judgment to Anderson Ranch, albeit not on the theory of waiver or abandonment, constitutes a final and appealable judgment.

¶39     Having established that Anderson Ranch's cross-appeal is properly before this Court, we turn to the Ranch's claims that it was entitled to summary judgment on the basis of abandonment and waiver. Essentially, Anderson Ranch argues that the Harlands impliedly abandoned or waived their right to the easement because they never used it to move cattle across the ranch. The Harlands do not dispute that the easement was not used for grazing purposes, but maintain that the 1983 amended judgment granted them an unrestricted easement.

¶40     We have previously explained the requirements to prove abandonment of an easement.

> In order for there to be abandonment there must be an intent to abandon. An intent to abandon has not been found from mere nonuse. Abandonment means a voluntary act involving a concurrence of act and intent. The act is the relinquishment of possession and the intent is a manifestation not to resume beneficial use of it. Neither of these elements alone is sufficient.

*Rieman v. Anderson* (1997), 282 Mont. 139, 145, 935 P.2d 1122, 1126. Furthermore, "the party claiming abandonment must prove that the 'acts claimed to constitute the abandonment [are] of a character so decisive and conclusive as to indicate a clear intent to abandon the easement.'" *Rieman,* 282 Mont. at 145-46, 935 P.2d at 1126. Because we determine the amended judgment did, in fact, confer an unrestricted easement to the Harlands, and there is no dispute that the Harlands used the easement for nonagricultural purposes, there was no abandonment of the easement.

¶41     The Ranch's contention that the Harlands waived their rights to the easement as a result of nonagricultural use fails for the same reason. "While it is true that a waiver may

13

be implied by a course of action or conduct which induces the belief that the intention and purpose was waiver, . . . such implied waiver requires a detrimental reliance by the party who is led by the conduct to believe a waiver has occurred." *Benson v. Diverse Computer Corp.*, 2004 MT 114, ¶ 30, 321 Mont. 140, ¶ 30, ___ P.3d ___, ¶ 30. Here, Anderson Ranch failed to offer any facts which would support a claim for waiver. Thus, we hold that the denial of summary judgment on the basis of abandonment and waiver was correct as a matter of law.

¶42 **Is Anderson Ranch entitled to attorney fees?**

¶43 Anderson Ranch maintains that it is entitled to receive attorney fees incurred in the proceedings below and on appeal, tacitly arguing that the Harlands' claim for declaratory relief was a malicious endeavor to obtain an unrestricted easement. The Harlands deny bringing a frivolous claim, and point out that Anderson Ranch failed to seek attorney fees at trial.

¶44 Montana follows the general American Rule that a party prevailing in a civil action is not entitled to attorney fees absent a specific contractual or statutory provision. *Natl. Cas. Co. v. Am. Bankers Ins. Co.*, 2001 MT 28, ¶ 27, 304 Mont. 163, ¶ 27, 19 P.3d 223, ¶ 27. Although we have recognized equitable exceptions to the general rule when a party is forced to defend a wholly frivolous or malicious action, *see Foy v. Anderson* (1978), 176 Mont. 507, 511-12, 580 P.2d 114, 116-17, there is no evidence that the Harlands filed this action solely to harass or otherwise abuse the judicial system. Furthermore, with the reversal of the summary judgment entered herein, Anderson Ranch has not prevailed in this matter.

14

Accordingly, we need not reach the issue of whether the Ranch is entitled to receive attorney fees.

¶45     Affirmed in part, reversed in part, and remanded to the District Court for proceedings consistent with this opinion.


                                                                    /S/ JIM RICE


We concur:

/S/ PATRICIA O. COTTER
/S/ JIM REGNIER
/S/ JAMES C. NELSON

Justice W. William Leaphart dissenting.

¶46    I dissent as to issue one.  I agree with the stated rule that a district court  may refer to the record in the original case when construing a decree which is obscure or ambiguous and that, where the language of a court's decree is plain, there is no need "in construing it, to resort to pleadings or evidence." *Quigley v. McIntosh* (1940), 110 Mont. 495, 511, 103 P.2d  1067, 1074.  I do not, however, agree that the decree in question was plain, clear and unambiguous.  To the contrary, the language of the amended judgment twice references the findings of fact and conclusions of law.  As can be seen from the face of the document, the whole impetus behind issuing an "amended" judgment was so the District Court could make the judgment "comply with the Court's Findings of Fact and Conclusions of Law."  Having stated this singular purpose for amending the judgment, a question arises as to whether an unrestricted easement for ingress and egress "complies" with the District Court's prior findings and conclusions which were couched in terms of agricultural/grazing uses.  The District Court correctly resolved this ambiguity as to "compliance"  by referring to the 1983 findings of fact and conclusions of law.  I would affirm.

/S/ W. WILLIAM LEAPHART

16