No. 04-560

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 176N

BRIAN VIEKE,

Plaintiff and Appellant,

v.

DONNA HEIKKINEN,

Defendant and Respondent.

APPEAL FROM:     The District Court of the Second Judicial District,
                 In and For the County of Silver Bow, Cause No. DV 2004-99,
                 Honorable Kurt Krueger, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Robert C. Kelleher, Jr., Attorney at Law, Butte, Montana

        For Respondent:

            Daniel R. Sweeney, Attorney at Law, Butte, Montana

                                        Submitted on Briefs:  June 15, 2005

                                               Decided:   July 12, 2005

Filed:

        _____
                            Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(i), Montana Supreme Court 1996 Internal Operating Rules (Memorandum Opinions), we determine that Montana law clearly controls the legal issues raised in this appeal. Further, pursuant to Section I, Paragraph 3(d)(v), the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Brian Vieke (Vieke) appeals from the District Court's dismissal of his complaint. Vieke brought suit against Donna Heikkinen. Vieke appeals. We affirm.

## BACKGROUND

¶3 Vieke alleges the following facts in his complaint. Vieke and Heikkinen had been living together when Heikkinen gave birth to Jorianne Vieke (Jorianne). Before Jorianne was even a year old, the parties separated. The parties instituted a case in district court concerning parental rights. That district court refused to terminate Vieke's parenting rights. Cassie is Heikkinen's daughter by a previous marriage whom Vieke has treated like his own daughter. Vieke alleges that Heikkinen has interfered with the natural love and affection Jorianne and Cassie had for him by inducing their "young and impressionable minds and emotions to hate [him]."

¶4 Vieke had attended the Assembly of God Church in Butte for twenty years. In 2001, Heikkinen told the elders of that church that she had a restraining order against Vieke, so he

2

could not be in the same church with her. The ushers forcibly ejected Vieke from the church in view of all of the other parishioners, thus causing Vieke great embarrassment and emotional distress. Because he could no longer attend the Assembly of God Church, Vieke began attending the Abundant Life Church in Butte. One Sunday, Heikkinen came to that church after Vieke had arrived. Shortly thereafter, two men approached him and told him that a restraining order required him to leave the church. Vieke felt he was having a tachycardia attack. The District Court dismissed Vieke's lawsuit by holding that he should have pleaded the alleged parental alienation in the parental rights case. The District Court further held that Vieke's religious freedom allegation fails to state a claim upon which relief can be granted. Vieke appeals.

¶5 We restate Vieke's issues on appeal as follows:

¶6 1. Does Montana Constitution Article II, Section 16, require recognition of a cause of action by one parent against the other parent for alienating the affections of a child?

¶7 2. Does § 45-5-631(1), MCA, that provides for criminal sanctions for interference with parent-child contact, create a civil cause of action against a party who violates the statute?

¶8 3. Does a party have a right to an injunction preventing another party from using an order of protection as a sword to keep the first party out of his church?

**STANDARD OF REVIEW**

¶9 For the purposes of a Rule 12(b)(6), M.R.Civ.P., motion, the movant admits all well-pled allegations in the complaint. *Missoula City-County Air Pollution Control Bd. v. Bd. of*

3

*Envtl. Review* (1997), 282 Mont. 255, 259, 937 P.2d 463, 466. Rule 12(b)(6), M.R.Civ.P., decisions are conclusions of law that this Court reviews de novo. *Missoula City-County Air Pollution Control Bd.*, 282 Mont. at 259, 937 P.2d at 466.

**DISCUSSION**

**I. Cause of Action for Alienating the Affections of a Child**

¶10 Vieke contends that Montana Constitution Article II, Section 16, requires this Court to create a cause of action for deliberate alienation of a child's natural affection for her parent. That section provides that "[c]ourts of justice shall be open to every person, and speedy remedy afforded for every injury of person, property, or character." Nevertheless, Vieke fails to argue this issue in his brief. Instead, he argues about the abolition of interspousal tort immunity. Rule 23(a)(4), M.R.App.P., requires an appellant's brief to contain the "contentions of the appellant with respect to the issues presented, and the reasons therefor . . . ." "It is not this Court's obligation to guess a party's precise position or to develop legal analysis that may support that position." *Harland v. Anderson Ranch Co.*, 2004 MT 132, ¶ 33, 321 Mont. 338, ¶ 33, 92 P.3d 1160, ¶ 33. Accordingly, we decline to address this argument.

**II. Cause of Action Under § 45-5-631(1), MCA**

¶11 Vieke argues that the criminal statute § 45-5-631(1), MCA, necessarily creates a civil cause of action. For further support, he cites § 27-1-601, MCA: "All civil causes of action for alienation of affections of husband or wife are hereby abolished." The canon *expressio unius est exclusio alterius* means the expression of one thing implies the exclusion of

4

another. *State v. Good*, 2004 MT 296, ¶ 17, 323 Mont. 378, ¶ 17, 100 P.3d 644, ¶ 17. Thus, Vieke argues that, because the State has specifically abolished claims for alienation of affections for husband or wife, it must have implicitly meant to create a cause of action for alienating the affections of children. Vieke cites cases involving interference with custodial rights. *See, e.g., McEntee v. New York Foundling Hosp.* (N.Y. Sup. Ct. 1959), 194 N.Y.S.2d 269.

¶12 By creating a criminal statute, the Legislature does not necessarily create a civil cause of action. By abolishing one cause of action, the Legislature does not create another.

## III. Right to Attend Religious Services

¶13 Vieke argues Heikkinen was improperly using the restraining order to exclude him from church. However, he cites only § 45-5-221, MCA, which is Montana's hate crimes statute, as granting him the right to attend a church of his choice without hindrance or harassment.

¶14 A hate crimes statute does not lead to a conclusion that Vieke's freedom of religion was violated. As he did earlier, Vieke fails to develop his argument with relevant citations. For the reasons set forth under Rule 23(a)(4), M.R.App.P., and above, we decline to address this argument.

¶15 Affirmed.

/S/ W. WILLIAM LEAPHART

5

We Concur:


/S/ KARLA M. GRAY
/S/ PATRICIA O. COTTER
/S/ JIM RICE
/S/ BRIAN MORRIS