No. 04-647

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 203N

HYLAND B. ERICKSON,

       Plaintiff, Counter-Defendant
       and Appellant,

    v.

DONALD KNIGHT,

       Defendant, Counter-Plaintiff
       and Respondent.

APPEAL FROM:    The District Court of the Fourth Sixth District,
                 In and For the County of Park, Cause No. DV 2000-131,
                 Honorable Wm. Nels Swandal, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

       Karl Knuchel, Attorney at Law, Livingston, Montana

       For Respondent:

       Kellie Voyich and Vuko Voyich, Anderson & Voyich, P.L.L.C.,
       Livingston, Montana

                 Submitted on Briefs:  June 15, 2005

                       Decided:  August 16, 2005

Filed:

_____
                      Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Hyland Erickson appeals from the District Court's refusal to quiet title to an easement across Donald Knight's land. We affirm.

¶3 We restate the two issues as follows:

¶4 1. Do the deeds in Erickson's chains of title grant him an easement over Knight's land?

¶5 2. Does the covenant language in the Declaration of Protective Covenants (the Declaration) grant Erickson an easement across Knight's land?

## BACKGROUND

¶6 Grizzly Meadow Partnership (GMP) subdivided property it owned in Park County. In June 1980, the Manager of GMP signed the Declaration that he recorded on Roll 31, page 7, in Park County, Montana. The chains of title are not in dispute, so suffice it to say that, as this litigation began, Erickson owned two tracts of land that originally belonged to GMP, and Knight owned one tract that originally belonged to GMP. Erickson owned Tract 5 of Certificate of Survey (COS) 683 and Tract 11 of COS 473. Knight owned Tract 46 of COS 544. A road passes between Erickson's two properties and through Knight's property, but

2

it is not the only route connecting Erickson's two properties. If he wishes, Erickson can drive between his tracts using Ferrill Lake Road. Erickson wishes to use the shortcut through Knight's property, but Knight has refused him access. Erickson brought this case in November 2000.

¶7   The primary documents in adjudicating real estate claims are the conveyances themselves. This case revolves around the easements that a development partnership granted and reserved, so the most relevant documents are the deeds by which that development partnership originally granted the parcels. Since those deeds reference other recorded documents, the language in those documents pertaining to easements may become necessary to the analysis.

¶8   GMP first transferred Tract 11 of COS 473 to Erickson's predecessor in interest through a Warranty Deed signed July 2, 1980. After describing the land, the Warranty Deed granted the land

> SUBJECT TO: 1. Easements of record and easements apparent by visual inspection, including ditches and rights-of-way for water rights, if any, and *road easements shown on Certificate of Survey No. 473*, Document No. 160634, provided that Grantor reserves for itself and its successors and assigns a non-exclusive 60 foot easement over the road easements indicated on Certificate of Survey No. 473, Document No. 160634, for road purposes and utilities, together with the right to construct, repair and maintain the same. 2. *Protective covenants* dated the 26th day of June, 1980, and *recorded in Row 31 at page 7*, records of Park County, Montana . . . . TOGETHER with the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining, including all water and ditch rights appurtenant to the above-described property, if any, and *including a non-exclusive easement for road purposes* and utilities *over the road easements shown on Certificate of Survey*

3

*No. 473, Document No. 160634, to be used by Grantee and assigns for the sole purpose of ingress and egress to the tract herein being conveyed to Grantee.*

(Emphases added.)

¶9 GMP first transferred Tract 5 of COS 683 to Erickson's predecessor in interest on March 21, 1983. That Warranty Deed deeded "the said premises, with their appurtenances . . . ." Later, in May 1983, GMP conveyed an easement

to provide access for Grantee . . . from the existing county road as it crosses through Tract 17 of Certificate of Survey No. 473, Park County, Montana, over an existing road, to the lands purchased by Grantee from Grantor. This easement is more particularly described as:

A 60 foot wide easement across an existing road generally described as running from the existing county road in Tract 17 of Certificate of Survey No. 473, previously referenced, and in a general westerly direction across Tracts 18 and 19 of Certificate of Survey No. 473, and along the northerly boundaries of Tracts 20 and 21, Certificate of Survey No. 473, and along the southeasterly boundary of Tract 74 of Certificate of Survey No. 595, Park County, Montana, and in a general westerly direction across Tract 74 and Tract 78 of Certificate of Survey No. 595 previously referenced, and on to the land being conveyed from Grantor to Grantee as shown on Certificate of Survey No. 683, Park County, Montana, all of which are more specifically shown on Certificates of Surveys [sic] Nos. 473, 595, and 683, hereby incorporated by reference to this easement.

It is the intent of this easement that the Grantee . . . shall have a total right of access and egress and a general utility easement over and to the aforementioned property. The Grantee shall have a right to allow any and all uses of said easement to itself . . . without restriction by Grantor.

¶10 GMP transferred Tract 46 of COS 544 to Knight's predecessor in interest by a Warranty Deed signed September 20, 1991. The Warranty Deed provides a description of the land "[t]ogether with all improvements on and all rights, privileges, royalties, and

4

easements appurtenant to such real property, including, without limitation, all right, title, and interest of the Seller in and to all roads adjoining such real property . . . ."

¶11 Paragraph XII of the Declaration, described in Row 31 at page 7 provides for ten-feet wide utility easements. Paragraph XIV provides a method for creating new roads with the approval of 75 percent of the tract owners:

> [T]he only roads permitted on the real property covered by these Protective Covenants shall be those as set forth on the original Certificates of Survey filed by GRANTOR, provided however, that this restriction shall not prohibit the creation of new private roads or driveways for access to dwellings on existing tracts, or on tracts created by future subdivision, provided that all such roads or driveways originate from those roads designated on the original Certificate of Survey filed by GRANTOR . . . .

COS 473 describes the land and declares itself "along with, and subject to, all easements, rights of way and covenants of records [sic] or as shown and according to the attached plat." COS 683 describes the land and declares itself "along with and subject to all existing easements."

¶12 After meticulously analyzing these documents and the law, the District Court concluded that the deeds from GMP to Erickson's predecessors in interest do not grant them a right to use the road on Knight's Tract 46 of COS 544. Thus, Erickson does not have a right to use the road on Knight's Tract 46 of COS 544.

**STANDARD OF REVIEW**

¶13 The decision to grant summary judgment is a legal decision that we review *de novo*. *Cole v. Valley Ice Garden, L.L.C.*, 2005 MT 115, ¶ 16, 327 Mont. 99, ¶ 16, 113 P.3d 275, ¶ 16. If the non-moving party fails to provide substantial evidence raising a genuine issue

5

of material fact, the district court must decide whether the moving party is entitled to judgment as a matter of law. *Cole*, ¶ 16.

## DISCUSSION

### I. The Plain Text of the Deeds

¶14　Erickson cites the language from the Declaration, paragraphs XII (utility easements) and XIV (providing a method for creating new roads), in arguing that the developer intended to create the roads for the benefit of all people owning property within the subdivision.

¶15　In interpreting a contract, we look first to the text. *Hanson v. Water Ski Mania Estates*, 2005 MT 47, ¶ 15, 326 Mont. 154, ¶ 15, 108 P.3d 481, ¶ 15. Only if that text is ambiguous will we resort to other means by which to determine the parties' intent. *Hanson*, ¶ 15. Further,

> [a] transfer of property is to be interpreted in like manner with contracts in general. In interpreting the meaning of an easement grant, contract principles apply. Construction and interpretation of written agreements is a question of law for the court to decide. Whether ambiguity exits [sic] in a contract is also a question of law. Whenever the terms of an agreement have been reduced to writing by the parties, it is to be considered as containing all those terms. Finally, the breadth and scope of an easement are determined upon the actual terms of the grant.

*Mularoni v. Bing*, 2001 MT 215, ¶ 32, 306 Mont. 405, ¶ 32, 34 P.3d 497, ¶ 32 (citations omitted).

¶16　The plain meaning of the Warranty Deed for Tract 11 of COS 473 reveals that GMP granted easements only over the roads shown on COS 473. GMP granted Erickson's predecessors in interest no easements over the roads in COS 544, so Erickson, as a

6

subsequent owner in the chain of title, does not have any easements over the roads in COS 544. *Glacier County v. Frisbee* (1945), 117 Mont. 578, 591, 164 P.2d 171, 178 ("One cannot convey land which he does not own . . . .").

¶17    Likewise, the easement that GMP conveyed to Erickson's predecessor in interest of Tract 5 of COS 683, only granted an easement over lands in Certificates of Survey 473, 595, and 683. This deed did not grant an easement over any roads in COS 544. Because the plain meaning of the deeds is clear, we need not look to the grantor's intent.

## II.  The Declaration

¶18    Although the deeds themselves do not grant easements over Knight's property, the deed for Tract 11 of COS 473 mentions the Declaration. The Declaration, in turn, refers to the Certificates of Survey. Erickson argues that this chain of documents grants him the easement he desires.

¶19    The Warranty Deed by which GMP first conveyed Tract 11 of COS 473 references the Declaration only by expressing itself "SUBJECT TO" the Declaration. "'Subject to' wording is commonly used in a deed to refer to existing easements, liens, and real covenants that the grantor wishes to exclude from warranties of title." *Wild River Adventures, Inc. v. Bd. of Trustees* (1991), 248 Mont. 397, 401, 812 P.2d 344, 347. "There is nothing in the [ordinary] use of the words 'subject to' . . . which would even hint at the creation of affirmative rights or connote a reservation or retention of property rights." *Wild River Adventures, Inc.*, 248 Mont. at 401, 812 P.2d at 347. The deed uses the "subject to" language to reference the Declaration. The "subject to" language cannot convey an easement. The

7

Warranty Deed for Tract 5 of COS 683 deeded "the said premises, with their appurtenances . . . ." Easements are appurtenances. *See* § 70-17-101, MCA (1999).

¶20 To determine whether either of these two deeds refer to an easement, we will look to the Declaration that GMP had recorded. The Declaration provides that "[t]he only roads permitted on the real property covered by these Protective Covenants shall be those as set forth on the original Certificates of Survey filed by GRANTOR . . . ." Since this language does not create an easement, we will look to the language of the Certificates of Survey. Both COS 683 and COS 473 describe the land and declare themselves " along with and subject to all existing easements." As stated above, although the "subject to" language in the Certificates of Survey may reference "existing" easements created elsewhere, that language in the Certificates of Survey, themselves, itself do not create easements. As the District Court correctly concluded, since the deeds do not grant Erickson an easement over Knight's property, the "subject to" language in the Declaration and Certificates of Survey confers no benefit to Erickson in this dispute.

## III. *Halverson*

¶21 Erickson also alleges that the two Certificates of Survey "satisfied the criteria of *Halverson* [*v. Turner* (1994), 268 Mont. 168, 885 P.2d 1285]." Nevertheless, Erickson makes no argument referencing this case. Rule 23(a)(4), M.R.App.P., requires an appellant, in his brief, to "contain the contentions of the appellant with respect to the issues presented, and the reasons therefor . . . ." "It is not this Court's obligation to guess a party's precise position or to develop legal analysis that may support that position." *Harland v. Anderson*

8

*Ranch Co.*, 2004 MT 132, ¶ 33, 321 Mont. 338, ¶ 33, 92 P.3d 1160, ¶ 33.  Accordingly, we decline to address this argument.

¶22   Affirmed.


                              /S/ W. WILLIAM LEAPHART


We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA O. COTTER
/S/ JOHN WARNER
/S/ BRIAN MORRIS