DA 09-0408

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 105

NAOMI R. LEISZ,

 Plaintiff and Appellant,

 v.

AVISTA CORPORATION, and BEVERLY J.
REVIER, PATSY K. MEREDITH, BETTY R.
TAYLOR, GARY N. REVIER, LARRY D. REVIER,
AND JOHN D. REVIER,

 Defendants and Appellees.

APPEAL FROM: District Court of the Twentieth Judicial District,
      In and For the County of Sanders, Cause No. DV 03-02
      Honorable Michael C. Prezeau, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

      Naomi R. Leisz (self-represented), Leisz Law Office, P.C., Trout Creek,
      Montana

    For Appellees:

      Christian T. Nygren; Milodragovich, Dale, Steinbrenner & Nygren, P.C.;
      Missoula, Montana (Avista Corp.)

      Robert G. Olson; Frisbee, Moore & Olson, P.C.; Cut Bank, Montana

           Submitted on Briefs: March 31, 2010

              Decided: May 11, 2010

Filed:

     _____
          Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1      After a bench trial, the Twentieth Judicial District Court, Sanders County, found that while a prescriptive easement over Avista's and the Reviers' property had been established, it had been abandoned by Naomi Leisz's predecessors in interest. Leisz appeals, claiming the District Court erred when it concluded the prescriptive easement had been abandoned.

**BACKGROUND**

¶2      For a complete description of the factual background, see *Leisz v. Avista Corp.*, 2007 MT 347, ¶¶ 2-8, 340 Mont. 294, 174 P.3d 481 (hereinafter *Leisz I*). In January 2003, Leisz filed her initial Complaint alleging that she had a prescriptive easement for ingress and egress over Avista's and the Reviers' property through the East Access. After a bench trial in November 2005, the District Court determined, *inter alia*, that a prescriptive easement was not established prior to 1982 because the use during that time was "periodic and unexplained." *Leisz I*, ¶¶ 7, 34. Leisz appealed. We concluded that the District Court's finding that the use was "unexplained" was clearly erroneous. *Leisz I*, ¶ 34. We reversed and remanded with directions for the District Court to determine if a prescriptive easement was established. *Leisz I*, ¶ 35.

¶3      On remand, the District Court concluded that the elements of a prescriptive easement over the East Access had been established. However, the court found that in 1985, after the Reviers had loggers construct the West Access through their property, Leisz's predecessors ceased using the East Access. The court found that by the time Leisz purchased the property in 2000, "the East Access had long been abandoned in favor of the superior West Access." While noting that mere nonuse does not establish abandonment, the court concluded as a

2

matter of law that the prescriptive easement had been abandoned because:

> [Leisz's predecessors] did not use the East Access, and in fact did not even keep the East Access cleared and passable as an alternative route. They allowed the East Access to become overgrown and impassable, and, at that point in time, with the superior West Access available, their intent was clearly to abandon the East Access road.

¶4 Leisz appeals three issues. First, she claims that the District Court violated the law of the case in *Leisz I* by going beyond the issue of whether the prescriptive easement was established and concluding it was abandoned. Alternatively, she asserts that the Appellees failed to sufficiently plead abandonment as an affirmative defense. Finally, she argues that the District Court erred in concluding that the prescriptive easement was abandoned. We only address whether the District Court erred when it concluded that the prescriptive easement was abandoned because that issue is dispositive.

## STANDARD OF REVIEW

¶5 We review a district court's conclusions of law for correctness and its findings of fact under the clearly erroneous standard. *PPL Mont., LLC v. State*, 2010 MT 64, ¶ 86, 355 Mont. 402, ___ P.3d ___.

## DISCUSSION

¶6 *Did the District Court err by determining that the prescriptive easement was abandoned?*

3

¶7 While Leisz asserts that the District Court correctly concluded that a prescriptive easement was established prior to 1982, she argues that the court applied the law on abandonment incorrectly. Specifically, she complains that the District Court erred in concluding that the easement was abandoned because of nonuse and the existence of an alternate access.

¶8 Abandonment must be proven with words or acts that indicate a clear intent to abandon. *Renner v. Nemitz*, 2001 MT 202, ¶ 30, 306 Mont. 292, 33 P.3d 255. Mere nonuse does not establish abandonment. *Id.* "Abandonment means a voluntary act involving a concurrence of act and intent." *Harland v. Anderson Ranch Co.*, 2004 MT 132, ¶ 40, 321 Mont. 338, 92 P.3d 1160. "The act is the relinquishment of possession and the intent is a manifestation not to resume beneficial use of it. Neither of these elements alone is sufficient." *Id.*

¶9 Leisz's predecessors took no actions that show they relinquished possession of the easement. They took no actions that demonstrate a manifestation not to resume beneficial use of the easement. They simply stopped using the East Access. The District Court hinges its conclusion on the fact that the nonuse coincided with the construction of the West Access. However, building the West Access is not an action taken by Leisz's predecessors and is not evidence of intent to abandon the easement. The District Court erred in concluding that Leisz's predecessors abandoned the easement.

## CONCLUSION

¶10 The District Court erred in concluding that the prescriptive easement over the East Access had been abandoned. We reverse the District Court's conclusion that the easement

4

was abandoned and order judgment entered for Leisz that she has a prescriptive easement over the East Access.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ PATRICIA O. COTTER
/S/ JAMES C. NELSON

Justice W. William Leaphart, dissenting.

¶11 I dissent. After noting that "[a]bandonment means a voluntary act involving a concurrence of act and intent," *Harland v. Anderson Ranch Co.*, 2004 MT 132, ¶ 40, 321 Mont. 338, 92 P.3d 1160, the Court concludes that "Leisz's predecessors took no actions that show they relinquished possession of the easement. They took no actions that demonstrate a manifestation not to resume beneficial use of the easement. They simply stopped using the East Access." Opinion, ¶ 9. The Court goes on to note that although the nonuse coincided with the construction of the West Access, that construction was not an act of the Leisz's predecessors.

¶12 In *Harland* we held that "the act is the relinquishment of possession and the intent is a manifestation not to resume beneficial use of it." *Harland*, ¶ 40. I agree with the District Court's conclusion that Leisz's predecessors did more than "simply stop using" the East Access. Rather, they allowed the East Access to become overgrown and impassable to the

5

point that a bulldozer would be required to reopen the road.  This affirmative neglect, in addition to their nonuse of the road, established their intent to abandon the East Access road.

/S/ W. WILLIAM LEAPHART

Justice Jim Rice joins in the dissenting Opinion of Justice Leaphart.

/S/ JIM RICE