JUSTICE LEAPHART,
dissenting,
fill dissent. After noting that “Abandonment means a voluntary act involving a concurrence of act and intent,” Harland v. Anderson Ranch Co., 2004 MT 132, ¶ 40, 321 Mont. 338, 92 P.3d 1160, the Court concludes that “Leisz’s predecessors took no actions that show they relinquished possession of the easement. They took no actions that demonstrate a manifestation not to resume beneficial use of the easement. They simply stopped using the East Access.” Opinion, ¶ 9. The Court goes on to note that although the nonuse coincided with the construction of the West Access, that construction was not an act of the Leisz’s predecessors.
¶12 In Harland we held that “the act is the relinquishment of possession and the intent is a manifestation not to resume beneficial use of it.” Harland, ¶ 40.1 agree with the District Court’s conclusion that Leisz’s predecessors did more than “simply stop using” the East Access. Rather, they allowed the East Access to become overgrown and impassable to the point that a bulldozer would be required to reopen the road. This affirmative neglect, in addition to their nonuse of the road, established their intent to abandon the East Access road.
JUSTICE RICE joins in the dissenting Opinion of JUSTICE LEAPHART.